[S. F. No. 14959. In Bank.—April 30, 1934.]

FRED A. SHAEFFER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

John D. Costello and Bartley C. Crum for Petitioner.

Theodore J. Roche, Sterling Carr, Hartley F. Peart, Arthur W. Brouillet, Henry F. Boyen, Leo R. Friedman, Joseph J. Scott, Isidore B. Dockweiler, T. B. Cosgrove, Jesse W. Carter and Thomas M. Carlson as *Amici Curiae* on behalf of Petitioner.

Philbrook McCoy and W. H. Anderson for Respondent.

THE COURT.—On June 15, 1932, the petitioner was served with an order to show cause in disciplinary proceedings before the local administrative committee of The State Bar for Santa Barbara County. The order contained six charges on account of matters hereinafter discussed. The local committee found true the facts alleged in five out of the six charges, or counts, as they have been termed, and recommended the suspension of the petitioner from the practice of the law for the period of one year. After hearing before the board of governors of The State Bar, the latter body recommended a period of suspension for three years. The petitioner instituted the present proceedings for a review. Subsequently he made a motion to remand the proceedings for rehearing before a local administrative committee. By stipulation the motion is submitted with the petition on its merits.

The petitioner was admitted to the practice of law in this state in 1915 and has practiced his profession in the city of Santa Maria for about fifteen years.

The record of the testimony and the documentary evidence taken before the local administrative committee and before the board of governors supports the following statement of the facts as to each of the five counts upon which the findings are adverse to the petitioner and which are substantially the facts found by the board of governors.

Count one: In 1927 the petitioner with R. E. Turner, F. W. Grisingher and others was interested in a subdivision known as Mt. Pleasanton Square, an addition to the city of San Luis Obispo. Title to the property was taken in the name of the petitioner. A map of the subdivision purporting to dedicate to public use the streets shown thereon had been filed of record. However, the board of supervisors required a dedication by deed. On August 10, 1927, the petitioner signed his own name and, without their authority, the names of R. E. Turner and F. W. Grisingher to such a deed. There is enough difference in the appearance of the three signatures to support an inference that such difference was the result of a studied effort to make it appear that the names had not been written by the same hand. The petitioner procured his secretary, Beatrice L. Brown, a notary public, to attach a certificate that said Turner and

Grisingher acknowledged the execution of the instrument of dedication. There is support for the conclusion that at the time Turner and Grisingher would not have consented to the dedication, inasmuch as it involved an assessment amounting to about $440 against each lot for paving work.

Count three: A department of the Superior Court of Santa Barbara County was established at Santa Maria. The only jury case pending and ready for trial was one in which the petitioner represented one of the parties. A few days before the date set for the trial of the case, in November, 1931, the petitioner handed to the deputy sheriff a list of names which he designated as names of representative citizens who would make good jurors. No request for such a list had been made. At least one of those on the list was a former client of the petitioner and many were acquaintances of his. The deputy turned the list over to his superior, who instructed him not to call any of the names on the list. In fact, the jury had already been called and none of the persons whose names were on the list acted as a juror in the particular case involved.

Count four: This count involves alleged violations of rules 4 and 5 of the Rules of Professional Conduct (213 Cal. cxiv), which prohibit respectively the acquisition of an interest adverse to a client and the acceptance of employment adverse to a client or former client relating to a matter in reference to which the attorney has obtained confidential information by reason of or in the course of his employment by such client or former client. In November, 1927, the petitioner accepted employment by one Limbocker to collect judgments in the sum of $2,200 and other obligations in the sum of $11,400 against R. E. Turner and W. L. Harvey, after assuring Limbocker that he no longer represented Turner as his attorney. It is a fair inference from the record that the employment was offered and accepted on the understanding that the petitioner was in a position to know of Turner's holdings and would be able to collect the judgments. He was to be paid for his services a fee representing a percentage of amounts actually collected on the judgments. The petitioner obtained judgments on the $11,400 obligations against Har-

vey and Turner, but failed to record the judgment. Later developments in divorce proceedings showed that some property in Mrs. Turner's name was community property, and because of the failure to record the judgment no lien was obtained against it. The record shows that the petitioner made some unsuccessful efforts to collect the judgments as against Harvey, but apparently made no effort to collect as against Turner. The only payment on the judgments was the sum of $500 paid for a partial release of some property of Turner's from the smaller judgment, to which Limbocker consented at the petitioner's request. Prior to the employment the petitioner had represented Turner in at least one matter, and during all of the time and up to the time of the hearing he was his intimate personal friend and close business associate. There is also evidence introduced by the petitioner that he accepted other employments in collections against Turner; also that he represented Mrs. Turner in the matter of taking some depositions in the Turner divorce proceedings.

Count five: In 1928 an entity called Shaeffer Associates was conducting negotiations with reference to a certain oil lease owned by Withrow. The petitioner was a secretary or other officer and an attorney for that association. Withrow had executed as lessor a lease to "California-Pacific Company" as lessee. The lease provided that it should not be assigned except with the consent of the lessor. The incorporation of California-Pacific Company was never completed because of some conflict in the proposed corporate name. The lease shows that the words "California-Pacific Company" were erased and "Metro-Grande Oil Company" substituted. It was delivered to the latter company and the Shaeffer Associates received the sum of $8,000 from that company. It is not disputed that the petitioner at least had knowledge of the change, although he did not personally execute it, and that the change and the receipt of the money was without the knowledge or consent of Withrow, who received no copy of the changed lease. It appeared before the board of governors that although the amount was deposited to his personal account, the petitioner received no part of it for his personal use but the same was disbursed to creditors of the Shaeffer

Associates. It also appeared before the board that in two actions brought by Withrow the petitioner had been exonerated of any charge of receiving or converting the same or any part of it to his personal use and that in a third action in which the petitioner was not a defendant, Withrow obtained a judgment for the amount against the Shaeffer Associates.

Count six: In 1929 the petitioner was interested in another real property subdivision. The title stood in the name of Beatrice L. Brown, his secretary. It became necessary to convey the title to the unsold lots to a trust company, and to that end Beatrice L. Brown, in June of that year, executed a deed and then went on her vacation. In her absence it was discovered that several lots had not been included in the deed. The petitioner, without holding a power of attorney, signed the name of Beatrice L. Brown to a deed and attached his own notarial certificate purporting to certify to the acknowledgment thereof by Beatrice L. Brown. It appeared, however, that he frequently signed her name with her consent, that no intent to defraud was involved, and in the proceedings before the local administrative committee Beatrice L. Brown ratified his act in the particular instance.

It is upon substantially the foregoing facts that the majority of the members of the board of governors recommended suspension for three years. The petitioner presents a voluminous record of forty-eight instruments termed ''exhibits'' which comprise affidavits by the persons whose names were on the jury list hereinabove mentioned, by the sheriff and deputy sheriff of Santa Barbara County, copies of the findings and judgment in the Withrow action in which the petitioner had judgment in his favor, and other affidavits and letters specifying the good character of the petitioner and other matters not necessary to be noted. The petitioner claims that the receipt in evidence of the matter included in the foregoing proffered record would exonerate him of all charges, and on this ground prosecutes his motion to have the proceedings remanded. The instruments submitted were executed subsequent to the date of the findings and recommendation of the board of governors. We do not deem that the course requested is necessary in order fairly to dispose of the questions before

us on this review, nor does it appear that the material would serve the end hoped for by the petitioner. Practically all of the material now submitted, at least in substance, was called to the attention of the board and its findings show was given due consideration, and on a reconsideration of the case the additional matter now presented would for the most part be merely cumulative.

The petitioner urges that he is entitled to have his motion to remand granted because the local committee itself should have produced the evidence now offered in the forty-eight exhibits submitted; that its failure to do so was a violation of rule 28 of the Rules of Procedure of The State Bar which provides that investigations and hearings before the committee or board shall be informal, but thorough, with the object of ascertaining the truth. (213 Cal. cxxix.) The language of this rule is not to be construed as permitting the petitioner to remain idle or leaving him without any duty in the premises. If the attorney through neglect or otherwise fails to make a complete disclosure, he may be unable on a review to show that the decision of the board is erroneous. (*Stafford* v. *State Bar*, 219 Cal. 415 [26 Pac. (2d) 833].) Likewise the practice pursuant to such a rule requires that the attorney present any evidence available to him which he deems favorable to himself, to the local committee and the board, where such evidence may appropriately be received, and he may not neglect or withhold his activities in that respect and then successfully demand on his petition for review either that such evidence may properly be considered by this court or that he is entitled to another hearing in order to have it considered by the appropriate body.

The petitioner makes the contention that Honorable John Perry Wood was disqualified to sit as a member of the board of governors for the reason that prior to the hearing before the board he had made a report as a reviewing governor for the benefit of the members of the board; that although he had withheld his recommendation from his report, so it is stated, he nevertheless had prejudged the case against the petitioner. Further, that pursuant to the rules the report of the reviewing governor is a part of the record and, together with the views of the other members of the board, should have been included for

the benefit of the court on review. It appears that the report was a confidential communication by the reviewing governor to the other members of the board, prior to the hearing before it, of the state of the record of the proceedings before the local administrative committee. As such it forms no part of the record and was not a matter to which the petitioner had any right of access. Such a communication is but a step in the private deliberations of the fact-finding body and no question of the disqualification of the members of that body can arise by virtue of its preparation. It appears that the record before us contains all matters which are required to be made a part thereof.

The petitioner complains that he was not served with a copy of the proposed findings prior to the filing thereof with the clerk of the Supreme Court. There is no rule applicable to disciplinary proceedings before The State Bar which requires the service of findings on the attorney prior to their adoption and filing by the board.

The petitioner advances several reasons why the recommendation of suspension for a period of three years is, in his opinion, not sustained by the record. He urges that in some instances the charges are stale, and that in others, as in counts three and six, no one appears to have been hurt. The present case is not one where such extenuating circumstances may be said to condone the major offenses involved. In a case where it appears without dispute that the attorney has written the names of others to a deed without authority and has procured a false certification of acknowledgment thereof, and in another instance he himself has issued a false certificate of acknowledgment, and where, in another instance, his relations with two opposing interests are, to say the least, questionably conflicting, we cannot say that the period of suspension recommended by the board is unreasonable.

The motion to remand is denied and it is ordered that the petitioner be suspended from practice as an attorney and counselor at law of this state for the period of three years from and after the filing of this order.

LANGDON, J., Dissenting.—I dissent. I am convinced that the record before us is insufficient to enable this court to do justice in this matter. The motion to remand the

proceeding for the taking of further evidence should be granted.

SEAWELL, J., Dissenting.—I am of the opinion that the motion to remand the proceeding for the taking of further evidence in view of the affidavits and showing made by petitioner should be granted. It is true that the showing which he claims that he is able to make, and which, without very great reason he failed to make, when the cause was properly before the local administrative committee and before the board of governors, may fail and result in a recommendation similar in effect to the one now before this court, nevertheless, it would remove all claims of petitioner that he was, for any reason, denied full opportunity to present his defense. If the charges are true as found, and as the record now stands, there is ample evidence to sustain the recommendation of the board of bar governors, petitioner was not harshly or unjustly dealt with. If the evidence which he proposes to present does not support his claim, he surely will not have improved his situation. That contingency is a matter for his determination. Solely to the end that this court may have for review all of the material facts bearing upon the charges preferred against the petitioner I vote for granting the petition to remand the cause for further proceedings.

Rehearing denied.

Langdon, J., dissented.