[L.A. No. 30378. In Bank. June 10, 1975.]

THOMAS A. LAVIN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

Counsel

Robert W. Peinado for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**Opinion**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar (board) that petitioner Thomas A. Lavin be suspended from the practice of law for three months and until he makes restitution.

Petitioner was admitted to practice law in 1967, practicing continually until July 1972. He resumed active practice in November 1974 in Laguna Beach.

The local administrative committee unanimously found petitioner culpable in four matters, recommending his suspension for two years and until he makes specified restitution to his clients.

The board unanimously found petitioner at fault in the same matters but by a vote of 12 to 1 recommended his suspension for only 3 months and until he makes restitution.

Petitioner has the burden of showing that the findings are not supported by substantial evidence. (*Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 443-444 [113 Cal.Rptr. 602, 521 P.2d 858].) He has failed to meet this burden. Our review of the record reveals substantial evidence in support of the board's correct and adequate findings.

## THE BROWN MATTER

In April 1971 Mrs. Brown retained petitioner to represent her in the collection of a $1,400 balance on a promissory note. Petitioner accepted this employment for one-third of all moneys collected on the note as attorney's fee. Petitioner testified that between March and July 1972 he collected $200 on the note, making a payment to Mrs. Brown in the form of one cashier's check. Although Mrs. Brown denied receiving any money from petitioner, her son said he had received a $50 check. After the local committee hearing, petitioner produced the check for $50 endorsed by both Browns. However, since $133.34 was owed for the period, petitioner has failed to pay Mrs. Brown $83.34. Petitioner testified he has not communicated with Mrs. Brown since June 1972.

Contrary to petitioner's contention, Mrs. Brown's failure to recollect the $50 payment does not make her testimony unbelievable.

## THE WILLIS MATTER

In May 1971 petitioner agreed to represent Mr. and Mrs. Willis in filing their petitions for bankruptcy. They testified they had paid petitioner $200, the full amount agreed upon. Petitioner testified the agreement was $200 for fee and $100 for costs. Bankruptcy petitions and schedules were prepared but never filed. According to all witnesses and from the bankruptcy petition, $100 in filing fees had been paid petitioner. No part of the $200 had been deposited to a trust account nor had petitioner refunded the $200.

The Willis' testimony revealed petitioner violated his duty to file the papers. Even accepting petitioner's testimony, he violated his duty to keep the $100 filing fees in his trust account.

## THE MINCH MATTER

In the fall of 1970, Mr. Minch paid petitioner $300 in advance fees and costs to proceed with a divorce action instructing petitioner to represent Mrs. Minch in the divorce action. Mrs. Minch signed dissolution papers prepared by petitioner. He told her they would be filed but they were not. Petitioner has not communicated with Mrs. Minch since April 1972 and has not refunded the $300. Petitioner said he did not file the papers because he "overlooked it."

## THE MALOY MATTER

Mr. Maloy testified that in January 1972, he retained petitioner for $150 to dissolve his marriage, to negotiage with his creditors and to file a chapter 13 proceeding in the federal bankruptcy court. Petitioner subsequently agreed to pursue the divorce, setting a fee of $325. At a third meeting a month later, petitioner sought to excuse his failure to prepare the papers by saying his secretary had been away. Thereafter, petitioner failed to communicate with Mr. Maloy even though Mr. Maloy called petitioner's office on at least 15 occasions. During this time Mr. Maloy was advised that the phone was disconnected, petitioner was not in, or the office was locked during normal business hours. Petitioner did not proceed with the divorce action or with the insolvency matter. Mr. Maloy wrote to petitioner discharging him from the insolvency and dissolution matters and requesting refund of the $150. The $150 was never refunded.

Petitioner did not appear at the local committee hearing on the Maloy matter. Two notices of hearing date were sent to petitioner's address. A State Bar investigator who went to petitioner's home was advised by his wife on the day before the hearing that petitioner had left for New York City more than a month earlier and had not been heard from since. Petitioner's mail had not been forwarded.

He first asserts that the local committee hearing was improperly continued more than 30 days after the hearing on the other matters. Rule 34 of the State Bar Rules of Procedure permits continuances of more than 30 days with approval of a member of the Board of Governors who resides in the district in which the proceeding is pending. Such approval was obtained.

Petitioner states that if permitted to present a defense he would show that the initial payment of $150 was to investigate the matters, that he did

so, and subsequently agreed to represent Maloy at the rate of $50 per hour for the creditor matter and $325 for the divorce, but that no such payment was made and that he was therefore not obligated to represent Maloy.

■ Not having appeared before the local committee at the time properly set for the matter, petitioner may not now demand that this court consider evidence which should have been presented to the committee. (*Glover* v. *State Bar* (1939) 13 Cal.2d 229, 232 [88 P.2d 922]; *Shaeffer* v. *State Bar* (1934) 220 Cal. 681, 687 [32 P.2d 140]; cf. *Alkow* v. *State Bar* (1971) 3 Cal.3d 924, 933-934 [92 Cal.Rptr. 278, 479 P.2d 638].)

■ Petitioner's counsel contends in the reply brief that petitioner should not have been permitted to represent himself. Petitioner represented himself at the hearing before the local administrative committee on the first three matters and was represented by other counsel before the Disciplinary Board of the State Bar.[1] He never indicated to the local committee that he wished to have counsel represent him, and may not now claim lack of representation. (*Oliver* v. *State Bar* (1974) 12 Cal.3d 318, 321, fn. 2 [115 Cal.Rptr. 639, 525 P.2d 79]; *Yokozeki* v. *State Bar, supra,* 11 Cal.3d 436, 447; *Hyland* v. *State Bar* (1963) 59 Cal.2d 765, 773 [31 Cal.Rptr. 329, 382 P.2d 369].)

■ Petitioner further contends that the board's recommendation for suspension is not warranted by the evidence.

Petitioner's pattern of abdicating his duties owed to his clients constitutes moral turpitude and violates the oath petitioner took upon admission to practice—to discharge faithfully the duties of an attorney to the best of his knowledge and ability. (*Schullman* v. *State Bar* (1973) 10 Cal.3d 526, 528, fn. 1 [111 Cal.Rptr. 161, 516 P.2d 865]; *Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 560 [99 Cal.Rptr. 873, 493 P.2d 105].) Moreover, "Misappropriation of a client's property is a gross violation of general morality likely to undermine public confidence in the legal profession and therefore merits severe punishment." (*Yokozeki* v. *State Bar, supra,* 11 Cal.3d 436, 450.)

---

[1] Petitioner had advised the trial committee he had considered obtaining counsel at the time he prepared his answers to the notices to show cause (several months before hearing). However, petitioner stated "I had second thoughts about it so I didn't." Petitioner appeared at the August 6, 1973, hearing as counsel for himself and proceeded to personally cross-examine witnesses and to personally testify. Only at the end of the August 6 hearing, after the taking of evidence had been completed in the Minch, Brown, and Willis matters, did petitioner state, "I can see now I should have had an attorney represent me." Neither petitioner nor any counsel appeared at the October 24, 1973, hearing of the Maloy matter.

Accepting the recommendation of the board (*Schullman* v. *State Bar, supra,* 10 Cal.3d 526, 540), we order that commencing 30 days after filing of this opinion, petitioner be suspended from the practice of law for a period of three months, and until he has made restitution totalling $733.34 to his clients in the four separate matters.