[L.A. Nos. 30488, 30489. In Bank. Apr. 1, 1976.]

ALEXANDER H. SCHULLMAN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

632

**COUNSEL**

Alexander H. Schullman, in pro. per., for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be disbarred.

Petitioner, who was admitted to the practice of law in 1937, was charged in two separate matters with the violation of his oath and duties as an attorney (Bus. & Prof. Code, §§ 6103, 6067, 6068) and the commission of acts involving moral turpitude and dishonesty (Bus. & Prof. Code, § 6106).

At separate hearings which petitioner failed to attend, the local administrative committee found him guilty of professional misconduct for willfully abandoning the personal injury claim of his client, Joyce Watt. Petitioner was also found guilty of failing to file a lawsuit or to otherwise pursue a claim on behalf of Charlene Archer after accepting and converting to his own use her $800 retainer.

The committee recommended that petitioner be suspended from the practice of law for three years for his activities relating to the Archer case. With respect to the Watt case, the committee concluded that petitioner's activities warranted disbarment. Upon review of both proceedings, the disciplinary board recommended disbarment.

■ While this court is not bound by the findings and recommendation of the disciplinary board (*Glickman* v. *State Bar* (1973) 9 Cal.3d 179,

184 [107 Cal.Rptr. 65, 507 P.2d 593]; *In re Fahey* (1973) 8 Cal.3d 842, 845 [106 Cal.Rptr. 313, 505 P.2d 1369, 63 A.L.R.3d 465]), those findings are nevertheless entitled to great weight. The burden is upon one seeking review of a recommendation of the board to show that its findings are not supported by the evidence or that its recommendation is erroneous or unlawful (*Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729 [87 Cal.Rptr. 368, 470 P.2d 352]; *Eschwig* v. *State Bar* (1969) 1 Cal.3d 8, 15 [81 Cal.Rptr. 352, 459 P.2d 904, 35 A.L.R.3d 662]). ▉ Petitioner has failed to meet this burden. The record clearly reveals a common pattern of misconduct whereby petitioner habitually and willfully disregards the interests of his clients and fails to pursue legal action for which he has been retained.

In March 1970 Charlene Archer consulted petitioner concerning a dispute which had arisen with her employer. Upon being apprised of the circumstances relating to the incident, petitioner informed Ms. Archer that she had a valid cause of action and that he would file suit in her behalf. At this first meeting, Ms. Archer gave petitioner a $50 retainer. She subsequently made payments to him totalling $750 which she understood was to cover his fee.

Because petitioner took no action on her lawsuit for nearly three years, in early 1973, Ms. Archer asked him to return her money. After some "unpleasant words," petitioner gave Ms. Archer a promissory note for $880 which he stated was to include the $800 fee she had paid him plus "10% additional." Petitioner never made a payment on the note, however, and never again contacted Ms. Archer.

In June 1969 Joyce Watt consulted petitioner concerning her possibility of recovering damages for injuries arising from an automobile accident. Petitioner filed suit on behalf of Ms. Watt for personal injury and property damages on June 12, 1970, but he took no further action on her case and consistently avoided Ms. Watt's efforts to contact him.

In December 1973 Ms. Watt retained new counsel, Joseph Hurley, who eventually concluded a settlement on her behalf in the sum of $4,000. In order to finalize the settlement arrangement, however, it was necessary for Hurley to have petitioner sign a substitution of attorney's form. When Hurley requested petitioner to sign the substitution form, petitioner demanded a "one third forwarding fee" and further informed Hurley that he himself had arranged a deal on behalf of Ms. Watt. In an effort to protect Ms. Watt's case, Hurley told petitioner to go ahead if

petitioner really did have a settlement arranged and he would step aside. But at this point, petitioner agreed to sign the substitution form.

After he had secured the $4,000 settlement for Ms. Watt, Hurley checked to see if the arrangement petitioner spoke of had in fact been made. Ms. Watt's insurance company informed him that none ever had.

Petitioner's conduct in both the Archer and Watt cases is strikingly similar to his behavior in prior matters that have appeared before this court. Petitioner has been suspended on five separate occasions since 1963,[1] with three of these prior disciplinary actions resting on grounds identical to those presented here—abandonment of his clients' interests.

Petitioner contends that introduction of this prior disciplinary record before the committee and the board was violative of his due process right to a fair and impartial hearing. In response to an analogous argument previously made by petitioner, however, we determined that although prior conduct cannot establish culpability in a current matter, the local committee and the disciplinary board may consider a petitioner's past disciplinary record in deciding the appropriate sanctions to be imposed in an instant case. (*Schullman* v. *State Bar, supra,* 10 Cal.3d 526, 538.)

As this court has repeatedly stated, habitual disregard by an attorney of his clients' interests is grounds for disbarment under Business and Professions Code sections 6103 and 6106. (*Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 560 [99 Cal.Rptr. 873, 493 P.2d 105]; *Simmons* v. *State Bar, supra,* 2 Cal.3d 719, 729 [87 Cal.Rptr. 368, 470 P.2d 352]; *Grove* v. *State Bar* (1967) 66 Cal.2d 680, 683-684 [58 Cal.Rptr. 564, 427 P.2d 164].)

Petitioner introduces as mitigating factors his past record of successful trial and appellate experience as well as letters from members of the bar commending his proposal for a prepaid legal program. While

---

[1] Three years' suspension all on probation for misappropriation of clients' funds (*Schullman* v. *State Bar* (1963) 59 Cal.2d 590 [30 Cal.Rptr. 834, 381 P.2d 658]); six months' actual suspension for abandonment of a client's interests and conversion of funds (Schullman v. State Bar (1971) L.A. 29854 [minute order]); two years' actual suspension for three matters involving abandonment of clients' interests (*Schullman* v. *State Bar* (1973) 10 Cal.3d 526 [111 Cal.Rptr. 161, 516 P.2d 865]); six months' actual suspension for appearing in a juvenile proceeding as counsel while under actual suspension (Bar Misc. 3604 (1974) [minute order]); and two years' actual suspension, again, for abandonment of clients' interests and willfully failing to perform services for which he was retained (Bar Misc. 3669 (1974) [minute order].) As a result of consecutive suspensions ordered by this court in the latter three matters, petitioner is presently under actual suspension until July 19, 1978.

the favorable support of witnesses, especially of attorneys and business acquaintances is entitled to great weight, it alone is not conclusive (*In re Jones* (1971) 5 Cal.3d 390, 401 [96 Cal.Rptr. 448, 487 P.2d 1016]). An attorney owes the highest duty of fidelity to his clients (*Alkow* v. *State Bar* (1971) 3 Cal.3d 924, 935 [92 Cal.Rptr. 278, 479 P.2d 638]). Petitioner's record of misconduct extending over a 12-year period is reprehensible and demonstrates that he is no longer entitled to be presented to the public as one worthy of trust.

It is therefore ordered that petitioner be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys effective 30 days from the filing of this opinion.

Petitioner's application for a rehearing was denied May 6, 1976.