[L.A. No. 31216. June 5, 1980.]

DAVID C. MARCUS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

David C. Marcus, in pro. per., for Petitioner.

Herbert M. Rosenthal and Truitt A. Richey, Jr., for Respondent.

OPINION

THE COURT.—Review of recommendation of the Disciplinary Board of the State Bar of California that petitioner be disbarred from the practice of law. (Bus. & Prof. Code, § 6083, subd. (a); rule 952(a), Cal. Rules of Court.)

Petitioner has been a member of the bar since 1927. He has been disciplined for 12 prior acts or courses of professional misconduct each of which is generally similar in some significant respect to the misconduct instantly charged. He is currently suspended from the practice of law.[1]

In the instant case, petitioner undertook to represent Francisco Reveles in a criminal matter. While the case was pending, petitioner was suspended from the practice of law for three months. Attorney Luis Zemel was substituted in as attorney of record for defendant Reveles. Petitioner indicated to Reveles and Zemel that he would substitute back into the case when his suspension period elapsed and Zemel was only to arrange for continuances of trial until petitioner was returned to good standing. However, after such restoration petitioner failed to file a substitution prepared by Zemel and failed to appear on the scheduled trial date on behalf of his client.

The disciplinary board found petitioner failed to use reasonable diligence on behalf of his client, failed to honor an agreement with client and substituted counsel, and thus willfully failed and refused to perform those services for which he had been retained.

Petitioner is charged with misconduct in a second matter arising out of a complaint filed by Jessie Rosales Arias and Enriqueta Rosales Cervantes. They employed petitioner to perfect title to certain real property. Petitioner was paid $650 and undertook but failed to perfect title. He was discharged as counsel and thereafter refused to communicate with his former clients or to respond to their demands for return of advance fees and documents.

The disciplinary board found petitioner failed to use reasonable diligence to accomplish the purposes for which he had been employed, failed to return documents and advance fees to his former clients, and failed to communicate with his clients regarding the return of documents and fees.

This court must independently examine the record, reweigh evidence and pass on its sufficiency in disciplinary matters. (*Codiga v. State Bar*

---

[1] Petitioner's current suspension commencing in 1977 results from his failure to pass the Professional Responsibility Examination, as required by prior order. He has been twice suspended for other misconduct since that time and when and if he passes the examination will be subjected to at least three years additional actual suspension under current orders.

(1978) 20 Cal.3d 788, 796 [144 Cal.Rptr. 404, 575 P.2d 1186].) ▇
The record evidence supports findings of the disciplinary board.

In assessing discipline, consideration must be given to a prior disciplinary record, if any. (*Lewis* v. *State Bar* (1973) 9 Cal.3d 704, 715 [108 Cal.Rptr. 821, 511 P.2d 1173].) As indicated, petitioner's prior record discloses repeated violations of similar character within the last several years.

Where an attorney has "habitually failed to file necessary documents for his clients, failed to appear at scheduled hearings, misled his clients as to the status of their affairs, and avoided communication by telephone, in writing, and in person," this court has found a willful violation of his oath as an attorney. (*Grove* v. *State Bar* (1967) 66 Cal. 2d 680, 683 [58 Cal.Rptr. 564, 427 P.2d 164].) ▇ "Habitual disregard by an attorney of the interests of clients is ground for disbarment under Business and Professions Code sections 6103 and 6106. Even when such neglect is grossly negligent or careless, rather than willful and dishonest, it is an act of moral turpitude and professional misconduct, justifying disbarment." (*Id.* at pp. 683-684.)

▇ The purpose of a disciplinary proceeding is not punitive but to inquire into the fitness of an attorney to continue in that capacity for the protection of the public, the courts and the legal profession. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].) The record amply demonstrates petitioner's unfitness.

It is ordered petitioner be disbarred from the practice of law.

**NEWMAN, J.**—I dissent. The petitioner here has been a member of the bar for more than 53 years. Already he has been punished severely. (See fn. 1 of the court's opn., *ante.*) To disbar him now seems needlessly harsh, even draconian.