[L.A. No. 31324. Feb. 26, 1981.]

SAMUEL CARTER McMORRIS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Samuel Carter McMorris, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Darlene Marie Azevedo for Respondent.

OPINION

**THE COURT.\***—Petitioner, Samuel Carter McMorris, was admitted to the practice of law in this state on January 14, 1954. On December 8, 1977, this court suspended petitioner from the practice of law for one year for acts of misconduct occurring between 1975 and 1977. Probation was imposed without any actual suspension. (Bar Misc. No. 4028.) Thereafter, on September 20, 1978, we suspended petitioner for 90 days for further infractions. (Bar Misc. No. 4077.)

In the present proceeding, the record discloses additional acts of misconduct occurring during the period from June 1975 to November 1978, including three counts of failing to perform services for clients. Under these circumstances, we accept the State Bar's recommendation that petitioner be suspended from the practice of law for 180 days.

Because petitioner does not contest the findings of the Disciplinary Board of the State Bar, we briefly summarize those findings without additional review of the underlying evidence.

### 1. *The Warfield Matter*

On June 13, 1975, petitioner agreed to represent Mabel Warfield in an action to recover damages for personal injuries resulting from a slip and fall incident. Thereafter, petitioner failed and neglected fully to perform the services for which he was retained, and failed adequately to respond to Miss Warfield's inquiries regarding the case.

### 2. *The Simon Matter*

On December 10, 1976, Josie Simon retained petitioner to represent her in connection with a dispute with neighbors. Thereafter, petitioner failed and refused to use reasonable diligence in representing Miss Simon and in responding to her frequent calls. In addition, petitioner unduly delayed in returning to her a retainer fee.

---

\*Before Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., Reynoso, J.,† and Grodin, J.†

---

†Assigned by the Chairperson of the Judicial Council.

### 3. *The McNack Matter*

In 1976, on some unspecified date, petitioner agreed to represent Lynette McNack in an action to recover damages for personal injuries sustained following delivery of her baby. Thereafter, petitioner failed and neglected fully to perform the services for which he was retained, and failed adequately to respond to Mrs. McNack's inquiries regarding the case.

### *Discussion*

■ Petitioner has not challenged the correctness of the foregoing findings. Instead, he attempts to mitigate the "negative aspects" of the case against him by reference to his "major contributions" to the development of the criminal law, and to his inability to "handle" his busy practice and to secure adequate secretarial help. (Petitioner fails to furnish us with any specific facts underlying these difficulties.)

Petitioner's past participation in important criminal appeals, and his literary contributions, as outlined in his petition for review, while commendable, cannot excuse his repeated failures to perform services for his clients. (Cf., *Schullman* v. *State Bar* (1976) 16 Cal.3d 631, 635-636 [128 Cal.Rptr. 671, 547 P.2d 447].) Nor do petitioner's busy practice and secretarial problems constitute circumstances which substantially mitigate such misconduct. (See *Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 260 [118 Cal.Rptr. 480, 530 P.2d 168, 80 A.L.R.3d 1231]; *Vaughn* v. *State Bar* (1972) 6 Cal.3d 847, 859 [100 Cal.Rptr. 713, 494 P.2d 1257].)

■ Although the State Bar did not find petitioner's conduct was wilful, it is well established that "Gross carelessness and negligence constitute a violation of the oath of an attorney to discharge faithfully the duties of an attorney to the best of his knowledge and ability and involve moral turpitude, in that they are a breach of the fiduciary relation which binds him to the most conscientious fidelity to his clients' interests. [Citations.]" (*Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729 [87 Cal.Rptr. 368, 470 P.2d 352]; accord *Sanchez* v. *State Bar* (1976) 18 Cal.3d 280, 285 [133 Cal.Rptr. 768, 555 P.2d 889].) ■ Moreover, "Failure to communicate with and inattention to the needs of a client, standing alone, may constitute proper grounds for discipline. [Citations.] Similarly, discipline has been imposed for accepting compensation for legal services but failing to render such services.

[Citations.]" (*Doyle* v. *State Bar* (1976) 15 Cal.3d 973, 978 [126 Cal.Rptr. 801, 544 P.2d 937]; see *Spindell* v. *State Bar, supra,* 13 Cal.3d 253, 260.)

 In determining the appropriate discipline, the State Bar hearing panel properly considered petitioner's prior disciplinary record. (*Selznick* v. *State Bar* (1976) 16 Cal.3d 704, 709 [129 Cal.Rptr. 108, 547 P.2d 1388].) In the light of that prior record, and the gravity of petitioner's conduct in the present case, we conclude that the recommended punishment is proper and should be accepted. (See, e.g., *Lester* v. *State Bar* (1976) 17 Cal.3d 547, 552 [131 Cal.Rptr. 225, 551 P.2d 841] [six months' actual suspension for similar conduct].)

It is ordered that petitioner be, and he is hereby, suspended from the practice of law for a period of 180 days, and that within 10 days after the effective date hereof he shall submit to the State Bar proof of passage of the Professional Responsibility Examination. If petitioner fails to submit such proof, he shall take and pass the Professional Responsibility Examination within one year of imposition of the period of suspension. (See Segretti v. State Bar (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].) It is further ordered that petitioner comply with rule 955 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively after the effective date hereof. This order is effective 30 days after the filing of this opinion.

Petitioner's application for a rehearing was denied March 26, 1981, and the opinion was modified to read as printed above.