[S.F. No. 24545. Dec. 5, 1983.]

SAMUEL CARTER McMORRIS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Samuel Carter McMorris, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Scott J. Drexel and David Frey for Respondent.

OPINION

THE COURT.*—This is a proceeding to review the recommendation of the State Bar of California that petitioner, Samuel Carter McMorris, be disbarred from the practice of law. This recommendation is based on petitioner's wilful failure to communicate with several of his clients and to perform the services for which he was retained during the period from November 1969 to September 1978. For the reasons discussed below, we adopt the State Bar's recommendation and conclude that petitioner should be disbarred.

Petitioner was admitted to the practice of law in California on January 14, 1954. He has a record of prior discipline. On December 8, 1977, this court suspended petitioner from the practice of law for a period of one year for acts of misconduct which occurred between 1975 and 1977. Execution of this order was stayed and petitioner was placed on probation with the conditions that he make restitution of $200 received in advanced fees and $40 which was misappropriated, and that he take and pass the Professional Responsibility Examination within one year. (Bar Misc. No. 4028.)

Subsequently, on September 20, 1978 (effective Oct. 21, 1978) this court suspended petitioner for 90 days for failure to perform services for which he had been retained. (Bar Misc. No. 4077.) On January 15, 1979, we again

---

*Before Bird, C. J., Mosk, J., Richardson, J., Kaus, J., Reynoso, J., Kline, J.,† and King, J.†

†Assigned by the Chairperson of the Judicial Council.

suspended petitioner because he had failed to take and pass the Professional Responsibility Examination within one year. (Bar Misc. No. 4028.) Petitioner remained suspended until May 17, 1979.

In February 1981, as a result of further acts of misconduct occurring during the period from June 1975 to November 1978, including three counts of failing to perform services for clients, we suspended petitioner from the practice of law for 180 days, ordered that he again submit to the State Bar proof of passage of the Professional Responsibility Examination, and ordered that he comply with rule 955 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule. (*McMorris v. State Bar* (1981) 29 Cal.3d 96 [171 Cal.Rptr. 829, 623 P.2d 781].)

In the present matter, formal proceedings were instituted against petitioner on August 12, 1980, October 22, 1980, January 19, 1981, and March 24, 1981, by notices to show cause charging petitioner with a total of eight counts of misconduct. After separate hearings, three counts were dismissed. In the remaining five counts, the State Bar Hearing Panels found multiple violations of the following statutory and rule provisions: (1) Business and Professions Code section 6067[1] (the attorney's oath to faithfully discharge his or her duties to the best of one's knowledge and ability); (2) section 6068 (setting forth several duties of an attorney); (3) section 6103 (violation of the attorney's oath or duties, or willful violation of a court order connected with the attorney's profession); (4) section 6106 (commission of an act involving moral turpitude, dishonesty or corruption); (5) rule 6-101, subdivision (2) of the Rules of Professional Conduct[2] (willful or habitual failure to use reasonable diligence and best judgment in an effort to accomplish the purpose for which the attorney has been employed); and (6) rule 2-111 (guidelines to withdrawal from employment and representation of a client). The hearing panels uniformly recommended disbarment.

These matters were consolidated by the State Bar Review Department for purposes of oral argument and for the rendering of joint findings of fact and a single recommendation. The review department unanimously adopted the findings of fact of the hearing panels and recommended that petitioner be disbarred.

These several violations arose in seven separate matters involving five different clients. With two minor exceptions, petitioner does not contest these findings, which are set forth below.

---

[1] All further statutory references are to the Business and Professions Code unless otherwise indicated.

[2] All further references to rules are to the Rules of Professional Conduct of the State Bar of California unless otherwise indicated.

*1. The F. Matter.*

In March 1978, Mr. F. retained petitioner to represent him in connection with a contract and collection dispute. After filing the complaint, petitioner failed to perform the services for which he was retained. He did not advise Mr. F. that a cross-complaint had been filed against him or that trial had been set. Petitioner failed to appear at trial and a default judgment was entered against Mr. F. in the sum of $5,000. Petitioner failed to respond to Mr. F.'s inquiries regarding the case and did not advise him of the default judgment. Mr. F. was ultimately required to obtain additional counsel to have the default judgment set aside.

The State Bar concluded that petitioner violated his oath and duties as an attorney as defined by section 6067.

*2. The P. Matter.*

On September 14, 1978, Ms. P. paid $500 to retain petitioner to represent her in a pending probate proceeding pertaining to her deceased father's estate. Thereafter, petitioner failed to perform any of the services for which he was retained and did not respond to Ms. P.'s inquiries regarding her case.

The State Bar concluded that petitioner violated his oath and duties as an attorney as defined by section 6067 and rule 6-101 (2), and that he retained the sum of $500 for his own use while performing no services for his client.

*3. The D. Matter.*

On November 8, 1969, Mr. and Mrs. D. entered into a contingency fee agreement with petitioner to bring an action on their behalf to recover damages for the wrongful death of their son. Thereafter, petitioner failed to perform any services for which he was employed. The case was dismissed on January 31, 1975, pursuant to the provisions of Code of Civil Procedure section 583 for failure to bring the action to trial within five years. Petitioner failed to respond to inquiries by Mr. D. regarding his case. He did not return Mr. D.'s telephone calls nor did he respond to a registered letter. Mr. D. subsequently filed a legal malpractice action against petitioner and obtained a default judgment in July 1978 for the sum of $75,000. No part of this judgment had been paid by petitioner at the time of the State Bar hearings.

The State Bar concluded that petitioner wilfully and intentionally violated his oath and duties as an attorney and committed acts of moral turpitude in violation of sections 6067, 6068, 6103 and 6106 and rule 6-101 (2).

*4. The T. Matters.*

During February, September, and October 1978, Mr. T. entered into four contingency fee agreements with petitioner for representation in four separate legal matters. One of these matters was successfully resolved by petitioner. The remaining matters involved possible litigation against an automobile transmission repair service for damages to Mr. T.'s car, a possible action against a restaurant to recover damages for personal injury, and the filing of a probate action. Thereafter, petitioner failed to perform any services for which he had been employed and failed to respond adequately to Mr. T.'s inquiries regarding any of these cases. Petitioner represented to Mr. T. that the probate case was under control. However, Mr. T. never recovered any money from the estate and he testified that he believed the estate had now escheated to the state.

The State Bar found that petitioner wilfully violated sections 6067, 6068 and 6103 and rule 6-101 (2).

*5. The G. Matter.*

On March 2, 1977, petitioner agreed to represent Ms. G. in an action to recover damages for personal injuries resulting from an automobile accident. Apparently, no fee arrangement was discussed. Petitioner represented Ms. G. in trial but an adverse jury verdict was rendered. Thereafter, petitioner agreed to represent Ms. G. on appeal for a $500 fee to cover the cost of the transcript. Petitioner received $200 in installments.

Petitioner filed a notice of appeal on April 17, 1978. As noted above, on October 21, 1978, petitioner was suspended from the practice of law by order of this court. (Bar Misc. No. 4077.) On October 30, 1978, petitioner was notified that the appeal was subject to dismissal unless a filing fee was paid. Petitioner did not notify Ms. G. of this notice, nor of his suspension, and he did not pay the filing fee. The appeal was dismissed on December 6, 1978. Petitioner did not so notify Ms. G. and took no action to have the dismissal set aside. Moreover, petitioner did not respond to Ms. G.'s inquiries regarding her case.

The State Bar concluded that petitioner willfully violated sections 6067 and 6103 and rules 6-101 (2) and 2-111 and that he retained the sum of $200 for his own use while performing no services for his client.

### DISCUSSION

Petitioner did not respond by pleadings or appear at any of the proceedings before the hearing panels on these matters because, as he concedes, he

"had no defense to the basic fact of not having prosecuted the claims of the complainant clients." Petitioner did, however, petition the review department for relief from default, hearings de novo and review of the decisions of the hearing panels in the D., T. and G. matters. These petitions were denied. He also challenged without success the recommended discipline of disbarment. Additionally, although there is no transcript of the proceedings, petitioner was present and addressed the review department on October 14 and 15, 1982.

The only challenges to the evidence which petitioner renews here are that he informed Mr. T. of his suspension and that it was his intention to attempt to handle the G. appeal as law clerk for another attorney of his selection. Also, petitioner states simply that he "expected the finding to be negligence, not intentional tort."

■ Petitioner bears the burden of showing that the findings of the State Bar are not supported by the evidence. (*Gallagher* v. *State Bar* (1981) 28 Cal.3d 832, 837 [171 Cal.Rptr. 325, 622 P.2d 421].) "In meeting this burden, the petitioner must demonstrate that the charges of unprofessional conduct are not sustained by convincing proof and to a reasonable certainty." (*Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 794 [94 Cal.Rptr. 825, 484 P.2d 993].)

Petitioner has not met this burden. ■ We have stated that attorneys who have not appeared before the local hearing panels may not subsequently demand that this court consider evidence which should have been previously presented. (*Lavin* v. *State Bar* (1975) 14 Cal.3d 581, 585 [121 Cal.Rptr. 729, 535 P.2d 1185].) Moreover, upon our independent review of the record we conclude that the findings of the review department, including those pertaining to the T. and G. matters, are supported by the evidence. Petitioner's assertion that he informed Mr. T. of his suspension is irrelevant. The State Bar did not find that petitioner failed to inform Mr. T. of his suspension or that petitioner's handling of the T. matters constituted the practice of law while suspended. Furthermore, petitioner nowhere asserts that he ever selected another attorney to pursue the G. matter.

■ Petitioner's hope that the State Bar would find his misconduct negligent, not intentional, is also without support. We have previously stated that "[a]lthough a few of [petitioner's] offenses, standing alone, might be described as merely negligent, or grossly negligent, his persistence in refusing to perform services for which he was engaged, and for which he accepted fees, can only be regarded as deliberate and willful." (*Grove* v. *State Bar* (1967) 66 Cal.2d 680, 683 [58 Cal.Rptr. 564, 427 P.2d 164].)

■ Concluding that the State Bar's findings regarding petitioner's conduct are supported by the evidence, we next consider whether petitioner's misconduct warrants the discipline recommended. Petitioner contends that disbarment is excessive. He seeks to mitigate the recommended discipline by reference to his background and character, the many cases in which he has previously rendered "highly satisfactory services, often as a matter of charity," his "significant contributions" to the "evolution of the law in criminal justice," the fact that he "attracts more business than he can handle," his inability to secure adequate secretarial services, and his declining health.

■ Although we give great weight to the State Bar's recommendation, this court exercises its independent judgment in determining the appropriate degree of discipline to be imposed. (*Warner* v. *State Bar* (1983) 34 Cal.3d 36, 43 [192 Cal.Rptr. 244, 664 P.2d 148].) ■ "Determination of discipline turns upon several considerations, including the protection of the public, the promotion of confidence in the legal profession, and the maintenance of professional standards." (*Rimel* v. *State Bar* (1983) 34 Cal.3d 128, 131 [192 Cal.Rptr. 866, 665 P.2d 956].) Petitioner bears the burden of demonstrating that, with due consideration to these objectives, the recommendation of the State Bar is erroneous. (*Ibid.*) ■ For the following reasons, we conclude that petitioner has not met this burden.

As we stated in 1981, "[p]etitioner's past participation in important criminal appeals, and his literary contributions, as outlined in his petition for review, while commendable, cannot excuse his repeated failures to perform services for his clients. [Citation.] Nor do petitioner's busy practice and secretarial problems constitute circumstances which substantially mitigate such misconduct. [Citations.]" (*McMorris* v. *State Bar, supra,* 29 Cal.3d 96, 99; see also *Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 561 [99 Cal.Rptr. 873, 493 P.2d 105].)

Petitioner contends that during the last five or six years he has suffered repeated "low-back syndrome," viral infections and treatment for suspected tuberculosis. However, petitioner's abandonment of Mr. and Mrs. D.'s case as early as 1969 casts some doubt on his assertion that his health has been a significant causative factor in his misconduct. (Cf. *Ambrose* v. *State Bar* (1982) 31 Cal.3d 184, 195 [181 Cal.Rptr. 903, 643 P.2d 486].)

In determining its recommended degree of discipline, the State Bar properly considered petitioner's prior disciplinary record. (*McMorris* v. *State Bar, supra,* 29 Cal.3d 96, 100; *Marcus* v. *State Bar* (1980) 27 Cal.3d 199, 202 [165 Cal.Rptr. 121, 611 P.2d 462].) We may also consider the harm suffered by others as a result of the attorney's misconduct. (*Spindell* v. *State*

*Bar* (1975) 13 Cal.3d 253, 261 [118 Cal.Rptr. 480, 530 P.2d 168, 80 A.L.R.3d 1231].)

Significantly, in examining the combined record of this disciplinary proceeding and petitioner's prior discipline, we are confronted not by isolated or uncharacteristic acts but by "a continuing course of serious professional misconduct extending over a period of several years." (*Tomlinson* v. *State Bar* (1975) 13 Cal.3d 567, 576 [119 Cal.Rptr. 335, 531 P.2d 1119].) We are therefore concerned with what appears to have become an habitual course of misconduct. We believe that the risk of petitioner repeating this misconduct would be considerable if he were permitted to continue in practice. (*Rimel* v. *State Bar, supra,* 34 Cal.3d 128, 131-132.) As petitioner has previously demonstrated, the public and the legal profession would not be sufficiently protected if we merely, once again, suspended petitioner from the practice of law. (*Ambrose* v. *State Bar, supra,* 31 Cal.2d 184, 196.)

 "As we have repeatedly stated, willful failure to perform legal services for which an attorney has been retained in itself warrants disciplinary action, constituting a breach of the good faith and fiduciary duty owed by the attorney to his clients. [Citations.]" (*Lester* v. *State Bar* (1976) 17 Cal.3d 547, 551 [131 Cal.Rptr. 225, 551 P.2d 841].) Moreover, habitual disregard by an attorney of the interests of his or her clients combined with failure to communicate with such clients constitute acts of moral turpitude justifying disbarment. (*Grove* v. *State Bar, supra,* 66 Cal.2d 680, 683-685; accord *Marcus* v. *State Bar, supra,* 27 Cal.3d 199, 202; *Schullman* v. *State Bar* (1976) 16 Cal.3d 631, 635-636 [128 Cal.Rptr. 671, 547 P.2d 447]; *Ridley* v. *State Bar, supra,* 6 Cal.3d 551, 560-561; *Alkow* v. *State Bar* (1971) 3 Cal.3d 924, 935-936 [92 Cal.Rptr. 278, 479 P.2d 638]; *Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729-732 [87 Cal.Rptr. 368, 470 P.2d 352].)

Accordingly, we order that petitioner be disbarred from the practice of law in this state. We further order that petitioner comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order. This order will be effective 30 days after the filing of this opinion.

Petitioner's application for a rehearing was denied January 25, 1984.