[L.A. No. 31972. Mar. 14, 1985.]

DOUGLAS W. TROUSIL, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

338

## Counsel

Kenneth Kocourek and Douglas W. Trousil, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Ellen A. Pansky and Antonia G. Darling for Respondent.

## Opinion

**THE COURT.**—This is a proceeding to review the recommendation of the State Bar of California that petitioner, Douglas W. Trousil, be suspended from the practice of law for two years, that execution of the order of suspension be stayed, and that petitioner be placed on probation for two years with conditions including a six-month actual suspension. As discussed below, we conclude that the review department's recommendation should be accepted.

Petitioner was admitted to the practice of law in California on June 28, 1977. In 1984, he was disciplined for misappropriating a client's funds and thereafter refusing to provide an accounting at his client's request. He was ordered suspended for two years but was placed on probation for one year on conditions including, inter alia, actual suspension for six months and a requirement that he pass the Professional Responsibility Examination. (In the Matter of Douglas Wayne Trousil, Bar Misc. No. 4719, Mar. 14, 1984.) The recommended discipline in the present case was intended to run con-

secutively to petitioner's prior discipline. In the present case, the review department, after a hearing, adopted the findings of the hearing panel, with a minor addition, and recommended the foregoing discipline based on petitioner's misconduct in the following matters.

## A. The A. Matter

In 1979, petitioner was retained by client A. to represent him in a real property dispute. D. was beneficiary of a deed of trust secured by A.'s home. A. received a reconveyance of the property after supposedly repaying the obligation. D. insisted on further payment, however, and petitioner was retained to quiet title. According to A., petitioner told him that suit was being filed against D. One and one-half years later, however, A. learned that no lawsuit was ever filed.

Petitioner testified he was retained to remove a lien which, in fact, had been already removed by A.'s prior attorney. The State Bar found that petitioner wilfully failed to keep A. apprised of the status of the action or to make any other attempts at resolving the matter.

## B. The V. Matter

Mr. and Mrs. V. hired petitioner in September 1979 to handle a stepparent adoption. Mr. V. testified that he told petitioner that he wanted the adoption completed by the following May (his stepdaughter's birthday) and that petitioner stated that normally such a matter would take six months to complete. Petitioner was discharged 29 months later after he failed to respond to numerous inquiries by the V.'s. The State Bar found that petitioner wilfully failed to communicate with his clients, to keep them apprised of the status of their case, and to perform the services for which he was retained.

## C. The W. Matter

In June 1978, petitioner was retained by client W., in connection with an automobile accident property damage action. The State Bar found that petitioner wilfully failed to communicate with his client during the course of the representation, that he settled the claim without his client's consent, and that he failed promptly to deliver the settlement proceeds to his client.

## D. The N. Matter

Petitioner was retained by client N. in July 1981 to defend a civil action against his company. Petitioner represented to N. that a cross-complaint would be appropriate and that he would file it. A default judgment was

entered against N. in January 1981 and N. thereafter discharged petitioner. The State Bar found that petitioner wilfully failed to communicate with his client as to the status of the case, to represent his client diligently, to file the cross-complaint, to promptly deliver papers and property to his client after he was fired, and to render an appropriate accounting of his services.

## DISCUSSION

Petitioner challenges certain findings of the hearing panel as unsupported by the facts. ■ As we have often stated, the petitioner bears the burden of showing that the findings of the State Bar are not supported by the evidence. (E.g., *Tarver* v. *State Bar* (1984) 37 Cal.3d 122, 132 [207 Cal.Rptr. 302, 688 P.2d 911]; *Chefsky* v. *State Bar* (1984) 36 Cal.3d 116, 121 [202 Cal.Rptr. 349, 680 P.2d 82].) "In meeting this burden, the petitioner must demonstrate that the charges of unprofessional conduct are not sustained by convincing proof and to a reasonable certainty." (*Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 794 [94 Cal.Rptr. 825, 484 P.2d 993].) Findings of the State Bar are presumed to be supported by the evidence. (Bus. & Prof. Code, § 6083, subd. (c).) Petitioner has failed to discharge his burden of proof or to rebut this presumption.

Petitioner denies any wrongful conduct. He asserts that (1) he performed whatever legal services were necessary for client A.; (2) the V.'s told him to delay the adoption indefinitely; (3) his secretary failed to mail the settlement draft to client W.; and (4) client N. failed to provide sufficient facts to enable petitioner to file a cross-complaint. These contentions lack merit.

Petitioner contends that client A. lied during the State Bar proceedings and that he received the benefit of his bargain, namely, reconveyance of the D. trust deed, which had in fact been performed by prior counsel and provided to petitioner by A. himself. Petitioner likewise asserts that the testimony of the V.'s should not be believed. ■ As we stated in *Baranowski* v. *State Bar* (1979) 24 Cal.3d 153, 162 [154 Cal.Rptr. 752, 593 P.2d 613], "While this court does not take lightly its duty to independently examine the evidence [citation], we have often noted that we are reluctant to disturb the findings of the Disciplinary Board if they are based largely on testimonial evidence. [Citations.] This position rests upon the fact that the board has the opportunity to observe first-hand the demeanor of the witnesses and can better evaluate the veracity of their testimony. [Citation.]" The facts which petitioner claims impeached the credibility of his various clients were presented to the hearing panel and petitioner has presented no persuasive arguments demonstrating that the conclusions reached by the State Bar are erroneous.

As to the W. matter, petitioner contends that the settlement check was not promptly mailed because of a series of secretarial errors. ■ Even assuming arguendo that there was no deliberate wrongdoing, nevertheless where fiduciary violations occur as a result of lapses in office procedure, they may be deemed "wilful" for disciplinary purposes. (E.g., *McMorris* v. *State Bar* (1981) 29 Cal.3d 96, 99 [171 Cal.Rptr. 829, 623 P.2d 781].) Petitioner has not attempted to show that he satisfactorily supervised his office staff. Therefore, discipline was properly imposed. (*Palomo* v. *State Bar* (1984) 36 Cal.3d 785, 795-796 [205 Cal.Rptr. 834, 685 P.2d 1185].) ■ Petitioner also contends that even though he had no authority to settle the W. case, discipline was not warranted since the settlement was fair and his client purportedly suffered no damage. Yet these considerations in no way excuse petitioner's wrongful conduct.

In the N. matter, petitioner shifts to his client the blame for failing to file the cross-complaint. He claims that N. failed to provide the information needed to prepare the complaint. In particular, petitioner points to certain documents addressed to N. which supposedly indicate that he met his duty of keeping his client informed. The hearing panel, however, considered these documents but found their authenticity questionable. Given N.'s testimony, as corroborated by his subsequent attorney, sufficient evidence supported the findings of the State Bar.

Petitioner seeks to introduce evidence of a federal indictment of several lawyers in his former office charging real estate fraud. These lawyers assertedly prejudiced N. against petitioner by blackening his character. ■ Even if this evidence were properly admissible, it would fail to mitigate in any way petitioner's unprofessional conduct in the representation of client N.

Finally, petitioner contends that the hearing panel and the review department erred in finding that he was previously disciplined for conduct *similar* in nature to the conduct in this case. In the prior proceeding, petitioner was disciplined for misappropriation of client funds and failing to respond to his client's requests for an accounting. The latter charge appears to constitute a common link between the two proceedings and fully justifies the finding in aggravation made by the State Bar.

■ Petitioner's repeated instances of inattention to the needs of his clients, and his failure to communicate with them, are proper grounds for discipline. (*Chefsky* v. *State Bar, supra,* 36 Cal.3d at p. 127; *Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 260 [118 Cal.Rptr. 480, 530 P.2d 168, 80 A.L.R.3d 1231].) Habitual disregard of the clients' interests justifies severe discipline. (*Lester* v. *State Bar* (1976) 17 Cal.3d 547, 551 [131 Cal.Rptr.

225, 551 P.2d 841].) ■ In determining the appropriate degree of discipline to be imposed, an attorney's failure "to demonstrate any awareness of the gravity of his conduct" is a relevant consideration. (*Tarver* v. *State Bar, supra,* 37 Cal.3d at pp. 134-135.) Here, petitioner, by attempting to shift the blame to his clients and his office staff, continues to demonstrate that he has minimal understanding of the responsibilities owed by attorneys to their clients.

In mitigation, petitioner presented evidence of a mental breakdown commencing in late 1981 or early 1982. Petitioner's condition, however, developed well after his representation of A. and the V.'s, and during the last months of his representation of N. and W. ■ Such evidence therefore is not a strong mitigating factor which would wholly exonerate petitioner from bearing the responsibility for his professional misconduct. (*Snyder* v. *State Bar* (1976) 18 Cal.3d 286, 293 [133 Cal.Rptr. 864, 555 P.2d 1104].)

Thus, given petitioner's repeated acts of misconduct, prior record of discipline, and lack of persuasive evidence in mitigation, the discipline recommended by the State Bar appears appropriate and necessary to protect the public, preserve confidence in the legal profession, and maintain the highest professional standards for attorneys. (*Jackson* v. *State Bar* (1979) 23 Cal.3d 509, 514 [153 Cal.Rptr. 24, 591 P.2d 47].)

■ It is argued that the six-month period of actual suspension is unduly harsh in light of the fact that petitioner has only recently (Oct. 15, 1984) returned to practice following a six-month suspension for his earlier misconduct. Although it is the usual and proper practice to impose periods of consecutive suspension whenever possible, petitioner has no compelling grounds for complaint here. The final decision of the State Bar Court herein was filed on May 23, 1984, and recommended that petitioner's suspension be consecutive to the discipline previously imposed. The record indicates that much of the subsequent delay in resolving the present proceeding was attributable to petitioner, including his filing an untimely petition for review and his request for a continuance of oral argument before this court. The State Bar itself acted in a timely fashion throughout these proceedings.

Accordingly, this court orders that petitioner be suspended from the practice of law for a period of two years, that execution of the suspension be stayed and the petitioner be placed on probation for two years, upon the conditions recommended by the review department in its resolution dated May 23, 1984, including actual suspension for six months, taking and passing the Professional Responsibility Examination within one year from the effective date of this order, and compliance with California Rules of Court,

rule 955(a) and (c), within 30 and 40 days, respectively, from the effective date of this order.