[L. A. No. 25369.   In Bank.   July 8, 1959.]

In re WAYNE M. FREIBURGHOUSE, on Disbarment.

Lionel T. Campbell for Petitioner.

Garrett H. Elmore for Respondent, The State Bar.

THE COURT.—Wayne M. Freiburghouse, an attorney admitted to practice law in this state, was charged with four counts of grand theft and three counts of forgery of endorsements in connected transactions.  He pleaded guilty to two counts of grand theft involving sums aggregating $20,000, and the other counts, which involved the taking of an additional $16,000, were dismissed.  Probation was denied, and he was sentenced to prison for the term prescribed by law.

Upon the filing of the record of conviction under sections 6101-6102 of the State Bar Act, Freiburghouse was suspended from practice and directed to show cause why a final order of disbarment or suspension should not be made.  Following the filing of his written return to the order to show cause, the matter was referred to The State Bar for recommendation as to the discipline to be imposed.  A hearing was had before a local committee of the bar, which recommended that the

interim suspension order made by this court should be continued indefinitely, without prejudice to Freiburghouse's right to apply for reinstatement. The record before the local committee includes a transcript of the proceedings at the probation hearing in the criminal action, a transcript of the hearings in a disciplinary proceeding which was discontinued when Frieburghouse was convicted of grand theft, various letters and some medical reports. The Board of Governors reviewed the evidence presented before the local committee and recommended that Freiburghouse be disbarred.

Freiburghouse had been a successful attorney and enjoyed the respect and confidence of the people in his community. In 1953 he appropriated to his own use and lost in gambling $4,000 which had been entrusted to him for investment. In 1954 a client gave him a check for $16,000 for deposit in escrow, and Freiburghouse forged the endorsement of the payee's name on the check, misappropriated the proceeds, and lost a large portion of the money in gambling. These two transactions formed the basis for the criminal convictions.

In explaining his misconduct Freiburghouse made the following statements. In 1952 he borrowed $45,000 from a client on an unsecured note for use in a business venture which had not been successful. He became "obsessed with the necessity" of securing money to repay the client, and a "goodly portion" of the $45,000 was spent in gambling in an effort to accumulate enough to pay the debt. About the time the last of the $45,000 was spent, Freiburghouse was holding $22,000 for investment. This money was misappropriated and was also spent in gambling for the purpose of attempting to secure enough to repay his obligations. In May 1954 he called in the parties concerned, told them what had occurred and was given another chance. He paid off about $10,000 of the debts, and then "by some overwhelming compulsion" he was "impelled" to take another $16,000 which had come to him in a business transaction. Nearly $14,000 of this money was lost in an hour at Las Vegas.

It is urged in behalf of Freiburghouse that, while he knew he was doing wrong and could be punished, he was suffering from "a mental illness" or "compulsive, obsessive neurosis" and therefore lacked substantial capacity to "conform his conduct to the requirements of the law." After these offenses were committed, he spent a month in a sanitarium,

and later he received psychiatric treatment from time to time both before and after his arrest. One of the psychiatrists who testified at the probation hearing said that in his opinion Freiburghouse knew right from wrong and that he was not insane under the standards set down in the M'Naughton case, 8 Eng.Rep. 718. Another psychiatrist testified that Freiburghouse was ''not a psychopathic personality, far from it. . . . Mr. Freiburghouse certainly knew intellectually that he was doing wrong and would be punished, but he could not stop it. . . . He did not have a mental illness in my opinion but he could not control his actions in my opinion.'' He added, ''From the psychiatric point of view if Mr. Freiburghouse is ever going to get well he has to face his problem and simply getting him out from under is not going to get him well. He has to face his problem.''

■ Freiburghouse's offer to show that he is now a fit and proper person to practice law was properly rejected by the Board of Governors on the ground that such evidence was immaterial to the question before the board.

■ An attorney's misappropriation of a client's funds is an offense which involves moral turpitude and clearly warrants disbarment in the absence of extenuating circumstances. No such circumstances are shown by the record in the present case.

It is ordered that Wayne M. Freiburghouse be disbarred and that his name be stricken from the roll of attorneys of this state, the order to become effective 30 days after the filing of this opinion.