[S.F. No. 23615. Dec. 6, 1977.]

FORDEN ATHEARN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

## Counsel

James Martin MacInnis and Lucille F. Athearn for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

## Opinion

**THE COURT.**—Proceeding to review recommendation of the Disciplinary Board of the State Bar (Bus. & Prof. Code, § 6083, subd. (a)) that petitioner be suspended from practicing law for one year and be required to comply with California Rules of Court, rule 955.

Petitioner is charged with violating his oath and duties as an attorney (Bus. & Prof. Code, §§ 6067, 6068, 6103) in that he converted a client's funds to his own use in violation of Rules of Professional Conduct, rule 9 (now rule 8-101) [3B West's Ann. Bus. & Prof. Code (1974 ed., 1977 Cum.Supp.) foll. § 6076; Deering's Cal. Codes Ann., Rules Prof. Conduct, rule 8-101 (former rule 9)] and committed acts involving moral turpitude, dishonesty and corruption (Bus. & Prof. Code, § 6106). Petitioner was admitted to practice law in California in 1956. He has not been the subject of previous disciplinary proceedings.

### The Facts

In September 1973 a client transferred to petitioner $29,000 which petitioner deposited in his trust account to be distributed on an agreed schedule. He distributed the major portion of the fund in December, 20 days beyond the agreed disbursement date for that amount. In January 1974 petitioner made a further disbursement by an insufficiently funded check.

It is undisputed that during the period he held his client's money, petitioner misappropriated it to his personal use, and it was necessary he borrow from a family member to fund disbursements. The fact that the disbursements were untimely caused claimed losses to the major distributee, and in August 1975 petitioner paid the distributee an additional $4,623 from his personal funds in satisfaction of the claim.

Petitioner does not challenge findings of either the local administrative committee or the disciplinary board.[1] The committee recommended petitioner be suspended provisionally from the practice of law for two years, with only six months' actual suspension. However, upon independent review of the record, the board, by a vote of nine to three, recommends one year's suspension and compliance with the provisions of California Rules of Court, rule 955 (duties of disbarred, suspended or resigned attorneys). The three members of the board voting against the recommendation concluded the proposed discipline is too lenient.

## DISPOSITION

■ Petitioner first claims he was denied due process in these proceedings because the State Bar subpoenaed his bank records and cancelled checks without prior notice to him.[2] It is now established that a bank customer has both a reasonable expectation of privacy (*Burrows* v. *Superior Court* (1974) 13 Cal.3d 238 [118 Cal.Rptr. 166, 529 P.2d 590]) and a right to notice and opportunity to be heard when his bank records are subpoenaed (*Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652 [125 Cal.Rptr. 553, 542 P.2d 977]). However, in *People* v. *Kaanehe* (1977) 19 Cal.3d 1 [136 Cal.Rptr. 409, 559 P.2d 1028], we held *Burrows* to apply only to records seized after that decision became final since " . . . the interest to be vindicated is one which is merely collateral to a fair determination of guilt or innocence." (*Id.* at p. 10.) It follows the rule of *Valley Bank* is to be applicable only to records subpoenaed following finality of that decision. Thus, since bank records in these proceedings were obtained by subpoena prior to the effective dates of both *Burrows* and *Valley Bank,* petitioner is not entitled to rely on those authorities. Nor is petitioner aided by *Brotsky* v. *State Bar* (1962) 57 Cal.2d 287 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310], where we held discovery statutes (Code Civ. Proc., §§ 2016-2055) are applicable "in toto" to disciplinary proceedings. Contrary to petitioner's claims, discovery by subpoena of bank records without notice was permissible prior to *Burrows* and *Valley Bank.* A bank had no obligation to notify a customer of proceedings designed to elicit customer information, and disclosures

---

[1]The committee concluded that petitioner "violated his oath and duties and committed acts of moral turpitude by converting to his own use funds of clients entrusted to him and such conduct constituted a wilful violation of Rule 9." The board adopted committee findings with slight modification.

[2]Three subpoenas duces tecum were issued for petitioner's bank records and cancelled checks during the course of a preliminary investigation by the State Bar. Petitioner was not given prior notice of the State Bar's intent to subpoena records.

took place freely unless the bank chose to protect the customer's interests by seeking a protective order on his behalf. (See *Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d 652, 657.)

It further appears petitioner has not been prejudiced by the seizure of his bank records. Prior to the hearing before the local committee, petitioner admitted the genuineness of the bank records and cancelled checks. He did not then, or later before the committee or board, object to the examiner's failure to notify him of the subpoena of his bank records and he complains of the examiner's failure for the first time before this court. Petitioner has thus waived his objection and may not assert it now. (Cf. *Farnham* v. *State Bar* (1976) 17 Cal.3d 605, 609, fn. 4 [131 Cal.Rptr. 661, 552 P.2d 445]; *Black* v. *State Bar* (1972) 7 Cal.3d 676, 688 [103 Cal.Rptr. 288, 499 P.2d 968]; *Barreiro* v. *State Bar* (1970) 2 Cal.3d 912, 925 [88 Cal.Rptr. 192, 471 P.2d 992].) Moreover, petitioner made independent factual admissions in compliance with a request for admissions which, apart from the evidence of bank records and cancelled checks, compel a finding that he is guilty of the misconduct charged.[3] He thus could not have been prejudiced by the claimed unlawful seizure.

■ Petitioner next contends the disciplinary board abused its discretion by refusing to allow him to present evidence that the complainant was not financially injured by petitioner's conduct. However, professional misconduct is not excused merely because a complainant ultimately suffers no loss. (*Greenbaum* v. *State Bar* (1976) 15 Cal.3d 893, 903 [126 Cal.Rptr. 785, 544 P.2d 921]; *Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].)

Petitioner finally points out there was a four-month delay before notifying him of the findings of fact, conclusions, and recommendations of the local administrative committee. While delay has been considered a mitigating factor if it prejudices the petitioner (*Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 450 [113 Cal.Rptr. 602, 521 P.2d 858]), no prejudice appears in this case.

---

[3] Petitioner admitted, for instance, that he "wilfully and intentionally converted and appropriated to [his] own use funds which [he] held in trust . . ." and that he "knew there were insufficient funds in [his] account to cover" the check he had written, among other damaging admissions.

CONCLUSION

■ Misappropriation of client funds warrants disbarment in the absence of extenuating circumstances. (*Sevin* v. *State Bar* (1973) 8 Cal.3d 641, 646 [105 Cal.Rptr. 513, 504·P.2d 449]; *In re Freiburghouse* (1959) 52 Cal.2d 514, 516 [342 P.2d 1].) While petitioner's restitution of the misappropriated money is a factor in mitigation, it cannot be urged as a defense in a disciplinary proceeding. (*Sevin* v. *State Bar, supra,* 8 Cal.3d 641, 646.) The board's recommendation of one year's suspension rather than disbarment demonstrates its consideration of mitigating circumstances, consisting of petitioner's restitution, domestic and family difficulties, cooperation, and the delay, if any, attributable to the State Bar.

It is ordered that petitioner be suspended from the practice of law for one year and, unless he does so within that year, until he passes the Professional Responsibility Examination (see *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929]), and that he comply with California Rules of Court, rule 955. Performance of those acts specified in subdivisions (a) and (c) of rule 955 shall be accomplished within 30 and 40 days, respectively, after the effective date of this order. This order is effective 30 days after the filing of this opinion.

Petitioner's application for a rehearing was denied January 5, 1978.