[L.A. No. 31004. Feb. 28, 1979.]

DONALD G. DURBIN, JR., Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

464

## Counsel

Long & Jaskulski and George Edwin Long for Petitioner.

Herbert M. Rosenthal and Margaret G. Wilkinson for Respondent.

## Opinion

**THE COURT.**—We review recommendation of the Disciplinary Board of the State Bar on petition of Donald G. Durbin, Jr. (Bus. & Prof. Code, § 6083, subd. (a); Cal. Rules of Court, rule 952 (a)), that he be suspended for one year—in addition to a current term of suspension—for willful noncompliance with an order of this court, entered pursuant to California Rules of Court, rule 955.

Petitioner was admitted to practice in 1966. On February 11, 1977, we ordered he be suspended from the practice of law for a period of two years, effective March 14, 1977.[1] We further directed petitioner to comply with the provisions of rule 955 and ordered him to perform the acts

---
[1]Petitioner did not petition for review of the State Bar's recommendation of suspension. However, after our order of February 11 he petitioned for reconsideration and we denied that petition May 12, 1977.

specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively after the effective date of our order.[2] Petitioner was further ordered to pass the Professional Responsibility Examination prior to completion of his suspension.

On June 9, 1977, we referred to the State Bar for hearing and report the question whether petitioner willfully failed to comply with provisions of rule 955 and, if so, for recommendation as to the nature and extent of discipline to be imposed, if any.

The disciplinary board found petitioner had substantially complied with rule 955, subdivision (a), because within the time limit prescribed he had contacted all clients and advised them of his suspension, arranged for substitution of attorneys on all pending matters, closed his office, refunded all unearned fees, and returned to the concerned client or forwarded to the substituted attorney all files of pending matters. However, the board further found petitioner had willfully failed to comply with rule 955, subdivision (c), in that he had willfully failed to file

---

[2]Rule 955 provides in pertinent part: "(a) The Supreme Court may include in an order disbarring or suspending an attorney or accepting his resignation a direction that the attorney shall, within such time limit as the Court may prescribe, (1) notify all clients being represented in pending matters and any co-counsel of his disbarment, suspension or resignation and his consequent disqualification to act as an attorney after the effective date of his disbarment, suspension or resignation, and, in the absence of co-counsel, also notify the clients to seek legal advice elsewhere, calling attention to any urgency in seeking the substitution of another attorney or attorneys in his place, (2) deliver to all clients being represented in pending matters any papers or other property to which the clients are entitled, or notify the clients and any co-counsel of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property, (3) refund any part of any fees paid in advance that have not been earned, and (4) notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disbarment, suspension or resignation and his consequent disqualification to act as an attorney after the effective date of his disbarment, suspension or resignation, and file a copy of the notice with the court, agency or tribunal before which the litigation is pending for inclusion in the respective file or files. [¶] . . . [¶] (c) Within such time limit as the Court may prescribe after the effective date of the disbarment or suspension order or the order accepting the resignation, the disbarred, suspended, or resigned attorney shall file with the Clerk of the Supreme Court, with proof of service of a copy on The State Bar at its San Francisco office, an affidavit showing that he has fully complied with those provisions of the order entered pursuant to this rule. Such affidavit shall also set forth an address where communications may thereafter be directed to the disbarred, suspended, or resigned attorney. [¶] . . . [¶] (e) A disbarred or resigned attorney's wilful failure to comply with the provisions of this rule constitutes a ground for denying his application for reinstatement or readmission. A suspended attorney's wilful failure to comply with the provisions of this rule constitutes a cause for his disbarment or suspension and for revocation of any probation then pending. Additionally, the Supreme Court may punish such wilful failure by exercise of its contempt power."

an affidavit or statement of compliance with rule 955, subdivision (a), within the prescribed time limit.

Under rule 955, subdivision (e), a willful failure to comply with other provisions of rule 955 constitutes cause for disbarment, suspension, or revocation of any probation then pending. (See fn. 2, *ante.*) The one-year suspension recommended by the board is in addition to the two-year suspension already imposed and currently in effect.

█ Petitioner contends his failure to comply with rule 955, subdivision (c), was not willful. He testified he did not receive actual notice of his suspension—effective March 14, 1977—until a friend phoned on March 29. On March 14 the State Bar sent to the address on file at the State Bar a letter informing petitioner of the contents of the court order, including direction to comply with rule 955, subdivisions (a) and (c). Enclosed were copies of the rule and court order. It appears, however, petitioner had not notified the State Bar of his new address, and the State Bar letter was later returned to its San Francisco office.

Upon learning of his suspension on March 29 petitioner telephoned the State Bar's San Francisco office and was told the notice of suspension sent to him had been returned. It is unclear whether in that telephone conversation petitioner was informed of the order to comply with rule 955. The State Bar on March 31 forwarded the March 14 letter and enclosures to petitioner at his new address. Petitioner acknowledges he received this letter, but testified a copy of the court order was not enclosed. He testified he called the State Bar asking for a copy of the order, and it arrived in the early part of April. In any event, the letter of March 31 informed petitioner of the order to comply with rule 955, and he received the court order itself in early April. The time set for compliance with rule 955, subdivision (c), was April 23.

Petitioner testified that as soon as he learned of his suspension he notified clients orally, gave them refunds and their files, signed substitutions of attorneys, and notified the courts. He contends by the time he became aware of the requirements of rule 955, subdivision (c), he was unable to comply because he had made no record of notifications to clients of his suspension, had kept no copies of his files, had not required clients to sign receipts, and had kept no record of the persons to whom he had returned files.

Petitioner also testified he telephoned the State Bar's Los Angeles office in an effort to ascertain what he was required to do under rule 955, and claims an investigator in that office told him, "As long as you're sure they're filed [i.e., the substitutions of counsel filed in court proceedings] you won't have any more problem," leading petitioner to believe he had fully complied with rule 955. Petitioner also claims he called the State Bar several other times and no attorney with whom he spoke could tell him how to proceed.

Notwithstanding his testimony, petitioner states he read rule 955 and understood requirements for filing proof of compliance to be straightforward.

We have not heretofore considered the meaning of "wilful" as used in rule 955, subdivision (e).[3] While that rule does not define "wilful," it does provide that we may, among other things, exercise contempt power to punish any "wilful failure" to comply. ■ It is fair to assume that "wilful" as used in rule 955, subdivision (e), is intended to have the same meaning as in other contexts wherein a court may exercise contempt powers.

"Wilful" has been defined in a contempt setting by looking to its Penal Code definition. (*Lyons* v. *Superior Court* (1955) 43 Cal.2d 755, 759 [278 P.2d 681].) "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (Pen. Code, § 7, subd. 1.) ■ Thus, bad faith is not a prerequisite to a finding of a willful failure to comply with rule 955, subdivision (c). Only a general purpose or willingness to commit the act or permit the omission is necessary.

Moreover, the purpose of rule 955, subdivision (c), precludes an interpretation of willfulness as requiring bad faith. That rule is designed to insure compliance with rule 955, subdivision (a), and is the only reasonable and workable tool available to insure such compliance, as only the suspended attorney has knowledge of the identity of his clients and other concerned parties. The goal is to insure protection of concerned

---

[3]"Wilful" and "willful" are both proper spellings. (Webster's New Internat. Dict. (2d ed. 1941) p. 2928.) Although "willful" is preferred, it is spelled "wilful" in the rule at issue here.

parties, and the effectiveness of the rule should not depend on whether the suspended attorney exercised good or bad faith in failing to comply.

■ Petitioner appears to claim that he did not understand what procedures to follow to comply with the rule, that he did all he could to comply, and that he reasonably understood no more was required of him.

Petitioner knew no later than the early part of April that he was required to comply with the rule by April 23. He took no steps to comply or to seek an extension of time in which to comply. His excuse for noncompliance—the lack of records concerning his compliance with rule 955—is not persuasive. While petitioner may have neglected to keep records of compliance with rule 955, subdivision (a), before learning of his further duty to comply with rule 955, subdivision (c), he reasonably could be expected to have remembered immediately after compliance with rule 955, subdivision (a), the names of at least some of the persons whom he had represented. Yet he took no steps to provide even a partial list of those he had contacted or to explain his dilemma, if in fact there was one, to the State Bar.

Furthermore, there is no corroboration of petitioner's testimony employees of the State Bar told him he had done all rule 955, subdivision (c), required. There is, in fact, little reason to believe petitioner would be required to seek advice from the State Bar in view of the clear language of the direction and petitioner's assertion he deemed it to be "straightforward." Petitioner's noncompliance was thus willful.

■ Petitioner contends discipline recommended by the State Bar is too severe because his failure to comply did not involve moral turpitude or any such blameworthy conduct, and because he had in fact complied with rule 955, subdivision (a).

Rule 955, subdivision (a), provides a wide range of discipline—from disbarment, to suspension, to revocation of probation, to contempt.

Rule 955, subdivision (c), makes it possible for the court to monitor compliance with conditions of suspension. Failure to comply with the rule causes serious disruption in judicial administration of disciplinary proceedings—proceedings designed to protect the public, the courts, and the legal profession.

We of course exercise independent discretion in fixing appropriate discipline (*Greenbaum* v. *State Bar* (1976) 15 Cal.3d 893, 904 [126 Cal.Rptr. 785, 544 P.2d 921]), although the recommendation of the disciplinary board is entitled to great weight (*Inniss* v. *State Bar* (1978) 20 Cal.3d 552, 558 [143 Cal.Rptr. 408, 573 P.2d 852]).

Petitioner's willful failure to comply with an express order in these proceedings cannot be ignored. However, because he did in fact comply with rule 955, subdivision (a), and failed only in reporting his compliance, the recommended discipline of one year additional suspension is too severe. It is ordered accordingly, that petitioner be additionally suspended from the practice of law for either six months or until petitioner prepares and files in the manner provided by rule 955, subdivision (c), the affidavit required by that rule, whichever is the longer period.