[L.A. No. 31213. July 3, 1980.]

CLARENCE E. BLAIR, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

408

Counsel

Robert Alden Welbourn for Petitioner.

Herbert M. Rosenthal and Darlene Marie Azevedo for Respondent.

OPINION

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar (the board) that the petitioner be suspended from the practice of law for two years on specified conditions of probation, including actual suspension of six months. Petitioner was admitted to practice law in California in 1963 and, as will appear, he has a prior disciplinary record. Petitioner raises certain procedural objections and also contends that the recommended discipline is too severe. We will uphold the board's recommendations.

1. THE HAYES MATTER

In 1974, Michael Hayes retained petitioner to prosecute a personal injury claim. The case was settled for $9,250 and on January 9, 1976,

petitioner received and deposited the settlement draft in his client's trust account. On January 15, 1976, petitioner paid to Hayes $3,389.97 from the settlement funds, and agreed to pay from the remainder of the funds various obligations (medical expenses and legal fees owing to another attorney). Despite his promise, petitioner delayed in paying these bills for 19 months, and until after Hayes had complained to the State Bar.

At the State Bar hearing Hayes testified that he contacted petitioner four or five times between January 15, 1976, and October 13, 1977, and that on each occasion petitioner assured him that the bills either had been, or soon would be, paid. (Petitioner disputed Hayes' testimony in this regard.) Eventually, after the State Bar wrote to petitioner concerning Hayes' complaint, petitioner paid the bills.

Petitioner's reason for the delay was the "hustle and bustle" of his law practice; in addition, he had suffered a high turnover of secretarial help and both he and his secretary had been the victims of certain acts of violence which disrupted his practice. The board found, however, that petitioner wilfully failed and refused to disburse promptly the funds which Hayes had entrusted to him.

In addition, the evidence indicated that during the period from January 15, 1976, to October 13, 1977, petitioner's client's trust account was overdrawn on 3 occasions, totalling 10 days, and that during this period the balance in the account had dropped below the amount entrusted to him by Hayes for a total of 137 days. Petitioner testified that he received overdraft notices from his bank on several occasions, and that he deposited his own personal funds into the account to correct the overdraft. He admitted periodic withdrawals from the trust account for purposes other than the payment to himself of earned fees or costs advanced. The board found that petitioner wilfully misappropriated funds belonging to Hayes, and that he wilfully commingled his personal funds with clients' trust funds.

## 2. PRIOR DISCIPLINARY RECORD

In Bar Misc. 4164, petitioner was suspended from the practice of law for one year, with imposition of suspension stayed on conditions of probation. This matter arose in May 1975, after petitioner settled an action for his clients, Mr. and Mrs. John Hall. Petitioner paid to the Halls a portion of the settlement proceeds and, acting with the Halls' consent,

he retained the balance of the proceeds after promising to pay certain medical bills. The board found that petitioner had failed to pay these bills until August 1976, following the State Bar's inquiry regarding the Halls' complaint. In addition the board found that petitioner had negligently commingled the Halls' funds with other client funds, and that he negligently misappropriated the Halls' funds to his own use by allowing his trust account balance to fall below the amount held on their behalf. The discipline ordered in this matter became effective on August 27, 1979.

### 3. PRESENT DISCIPLINE ORDERED

As indicated above, the board in the present proceeding recommends that petitioner be suspended from practice for two years, that execution of the order be stayed, and that petitioner be placed on probation for two years on certain conditions, including actual suspension for six months.

### 4. CONTENTIONS

Petitioner does not deny his commission of the acts of misconduct for which discipline is sought. Instead, he relies upon two procedural objections to the board's proceedings. First, petitioner objects to the inclusion in the record submitted to the State Bar hearing panel of factual material regarding a *dismissed* count originally included in the earlier proceedings in Bar Misc. 4164. This material apparently consisted of the panel's findings regarding possible misconduct by petitioner on an unrelated matter. These findings recite that petitioner's actions neither resulted in any unlawful representation of conflicting interests nor were they motivated by his bad faith. Accordingly, the panel in Bar Misc. 4164 recommended that the foregoing count be dismissed in light of these favorable findings, and the count was in fact dismissed. Petitioner believes that inclusion of these findings may have prejudiced his case in the present proceedings. He suggests that he should have been given an "advance copy" of the record before it was filed with the State Bar, although he cites no authorities which would support such a rule.

The board acknowledges that all references to the dismissed count in Bar Misc. 4164 should have been stricken before the record was submitted to the hearing panel in the present matter. This is correct. Yet the board contends that petitioner waived the point by failing to make

timely objection thereto, in accordance with State Bar rules. In addition, the board suggests that we should assume, in the face of a silent record, that the hearing panel disregarded any information relating to the dismissed count when considering the appropriate punishment in the present case. These contentions have merit.

Rule 571 of the Rules of Procedure of the State Bar sets out the conditions under which prior disciplinary proceedings may be considered. Rule J.1 of the board's Rules of Practice, implementing rule 571, provides in part that once a prior disciplinary record has been presented to the hearing panel, a party may file a written statement requesting to present additional information with respect to the record. ■ Petitioner failed to object, either through rule J.1 or otherwise, to the inclusion of the materials at issue, and accordingly he is deemed to have waived the objection. (See, e.g., *Athearn* v. *State Bar* (1977) 20 Cal.3d 232, 236 [142 Cal.Rptr. 171, 571 P.2d 628] [waiver by failing to object to admission of bank records].)

In any event, it is unlikely that the hearing panel actually considered the factual recitals pertaining to the dismissed count, because the decision in Bar Misc. 4164 clearly recited that, by reason of findings *favorable* to petitioner, the count should be dismissed. Moreover, the recommended discipline is entirely appropriate for the misconduct under review in the *present* proceedings.

Petitioner next contends that these proceedings should have been consolidated with Bar Misc. 4164, so that "a clearer picture of petitioner's peculiar problems in 1975, 1976 and 1977" might have emerged and the board might have imposed a less severe punishment.

Rule 262 of the board's Rules of Procedure provides that the disciplinary referee "may" order two proceedings consolidated if no substantial rights would be prejudiced. Petitioner fails to indicate in what manner the board abused its discretion in holding separate proceedings regarding his misconduct. Indeed, as the hearings in Bar Misc. 4164 were concluded on November 9, 1977, nearly six months *before* the notice to show cause was served in the present case, it would appear that consolidation would have been inappropriate in view of the delay involved.

In any event, petitioner never objected to the separate proceedings, and never moved for consolidation. ■ Accordingly, his present ob-

jection comes far too late and must be deemed waived. (Cf. *Coviello* v. *State Bar* (1953) 41 Cal.2d 273, 275-276 [259 P.2d 7].)

Petitioner's final contention is that six months' actual suspension from law practice is too severe under the circumstances in this case. ■ To the contrary, the acts of misappropriation and commingling outlined above constitute grave offenses for which severe punishment is appropriate. (See, e.g., *Fielding* v. *State Bar* (1973) 9 Cal.3d 446, 451-452 [107 Cal.Rptr. 561, 509 P.2d 193], and cases cited.) In *Fielding*, involving similar acts, we ordered an attorney placed on probation with actual suspension from practice for six months. Petitioner points to no mitigating circumstances which might justify a lesser punishment here.

We find the board's recommendation appropriate. It is therefore ordered that petitioner be suspended from the practice of law for two years on conditions of probation, including an actual suspension of six months. In addition, petitioner shall comply with California Rules of Court, rule 955, and shall perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, following the filing of this opinion. This order is effective 30 days after the filing of this opinion.