[S.F. No. 23615. Aug. 5, 1982.]

FORDEN ATHEARN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Roy A. Sharff and Michael J. Rochford for Petitioner.

Herbert M. Rosenthal and Truitt A. Richey, Jr., for Respondent.

OPINION

**THE COURT.**—The State Bar Court has recommended that petitioner Forden Athearn be suspended from the practice of law for a period of six months and until he complies with the provisions of rule 955 of the California Rules of Court because of his previous wilful failure to comply with the notice provision of the same rule. This failure was a noncompliance with our directive of December 6, 1977, when we suspended petitioner for one year for misappropriating clients' funds. (See *Athearn v. State Bar* (1977) 20 Cal.3d 232, 237 [142 Cal.Rptr. 171, 571 P.2d 628].)

Petitioner challenges the State Bar's finding that he violated the rule, contending that his substantial compliance with the rule was proven by the evidence and was sufficient under the law. Alternatively, he argues that his substitution of other counsel in all pending matters prior to the effective date of his suspension, which was 30 days after the suspension order, eliminated his duty to give any notice under rule 955. In addition, petitioner contends that the discipline recommended is excessive. We find no merit in petitioner's claims, agreeing instead with the findings and recommendation of the State Bar.

Petitioner was admitted to the practice of law on June 19, 1956. His one-year suspension in 1977 represents his sole previous discipline. In connection with that suspension we ordered that he perform "the acts specified in subdivisions (a) and (c) of rule 955 ... within 30 and 40 days, respectively, after the effective date of this order." (By its terms, that order was made effective Jan. 5, 1978, being 30 days after its filing date of Dec. 6, 1977.) Rule 955 provides:

"(a) The Supreme Court may include in an order disbarring or suspending an attorney or accepting his resignation a direction that the attorney shall, within such time limit as the Court may prescribe, (1)

notify all clients being represented in pending matters and any co-counsel of his disbarment, suspension or resignation and his consequent disqualification to act as an attorney after the effective date of his disbarment, suspension or resignation, and, in the absence of co-counsel, also notify the clients to seek legal advice elsewhere, calling attention to any urgency in seeking the substitution of another attorney or attorneys in his place, (2) deliver to all clients being represented in pending matters any papers or other property to which the clients are entitled, or notify the clients and any co-counsel of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property, (3) refund any part of any fees paid in advance that have not been earned, and (4) notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disbarment, suspension or resignation and his consequent disqualification to act as an attorney after the effective date of his disbarment, suspension or resignation, and file a copy of the notice with the court, agency or tribunal before which the litigation is pending for inclusion in the respective file or files.

". . . . . . . . . . . . . . .

"(c) Within such time limit as the Court may prescribe after the effective date of the disbarment or suspension order or the order accepting the resignation, the disbarred, suspended, or resigned attorney shall file with the Clerk of the Supreme Court, with proof of service of a copy on The State Bar at its San Francisco office, an affidavit showing that he has fully complied with those provisions of the order entered pursuant to this rule. Such affidavit shall also set forth an address where communications may thereafter be directed to the disbarred, suspended, or resigned attorney."

Although petitioner timely filed his affidavit in conformity with rule 955, the State Bar advised us that it questioned his actual compliance with the rule. Accordingly, we referred the matter to the State Bar for a hearing and report on whether petitioner wilfully had failed to carry out our order of December 6, 1977, and for a recommendation of discipline, if any was appropriate. After two days of hearings a referee of the State Bar Court (see Rules Proc. of State Bar, rule 559) found that petitioner had violated rule 955 wilfully and recommended that he be publicly reproved and that the notice requirements of rule 955 again be imposed upon him. While adopting the referee's findings of fact, the Review Department of the State Bar Court recommended increasing

petitioner's discipline from public reproval to an actual suspension for six months and until he complies with rule 955. (Two members of the review department dissented: one considered a 90-day suspension adequate discipline; the other thought that he should be disbarred.)

The State Bar found that petitioner had represented 13 clients in court matters pending on December 6, 1977, the date of our disciplinary order. Of these, 10 were described as "small wind-up matters." Adverse parties were represented by counsel in 10 of the 13 cases. Although petitioner received a copy of our order promptly and was familiar with the requirements of rule 955, he gave no written notice of his suspension to anyone, neither clients, nor opposing counsel, nor unrepresented adversaries, nor appropriate courts. Petitioner arranged to have most of his clients sign a form consenting to the substitution of petitioner's mother (also an attorney) for petitioner as attorney of record in their respective cases. In no case, however, did the substitution form suggest that the reason for the substitution was petitioner's suspension from practice. Further, petitioner backdated at least five of the substitution of counsel forms introduced into evidence to suggest, falsely, that they had been signed by the clients on January 6, 1978, the date petitioner believed his suspension was effective. Apparently, petitioner's motive in so backdating these forms was to give an appearance that he had terminated any professional relationship with his clients prior to the effective date of his suspension, thus eliminating, in petitioner's view, any duty to give notice to anyone under our rule 955 order of December 6, 1977. There was no credible evidence that petitioner's 13 former clients were made aware of petitioner's suspension within the period required by our order. The record discloses that at least two of those clients learned of that suspension long afterward from third parties.

 Petitioner's wilful failure to comply with rule 955 is amply demonstrated by the foregoing factual findings, which, upon our independent review of the record, we find supported by substantial evidence. (See *Marcus v. State Bar* (1980) 27 Cal.3d 199, 201 [165 Cal.Rptr. 121, 611 P.2d 462].)

Petitioner does not deny that he failed to send to each of the parties the written notice required by rule 955. He seeks to excuse his failure on the grounds, first, that he "substantially" complied with the rule and that actual compliance is not necessary under the authority of *Durbin v. State Bar* (1979) 23 Cal.3d 461 [152 Cal.Rptr. 749, 590 P.2d 876]. In *Durbin* the State Bar found that the attorney had, in fact, within the

time limits of our order, contacted all of his clients and advised them of his suspension, arranged for substitution of counsel in all pending matters, closed his office, refunded all unearned fees and returned to all clients or their new counsel his files in each pending matter. (See *id.*, at p. 465.) We nonetheless found that the attorney's failure to file the affidavit required by rule 955 was a wilful violation of the rule warranting six months' suspension, but concluded that because he had complied with subdivision (a) of rule 955, "the recommended discipline of one year additional suspension is too severe." (*Id.*, at p. 469.)

Seeking to compare his case with *Durbin*, petitioner refers to his evidence before the State Bar that his suspension was given wide-spread publicity, causing most of his clients to contact him and be advised orally of his suspension promptly after the suspension was ordered. He explains his failure to comply literally with the written notice requirements of the rule by stressing his concern not to "upset" unduly his clients and blames his lack of any record as to when he allegedly advised each client of that suspension upon the fact that notice to the client was oral in each case.

We first note that there is no corroboration of petitioner's claim that he contacted each of his 13 clients and informed them orally of his suspension within the time period prescribed by our disciplinary order. The difficulty of proving similar claims undoubtedly motivated the adoption of the straightforward requirement of written notice by certified or registered mail which is embodied within rule 955. Compliance with such a rule is easily established. Nor does petitioner's alleged solicitude for the feelings of his clients explain either his failure to furnish the required formal notice *along with* his personal efforts to ameliorate their concerns or his failure to notify in writing opposing counsel, unrepresented adverse parties and the courts.

Further, in contrast with its findings in *Durbin*, the State Bar here did *not* find compliance with the notice requirements of rule 955. Having seen and heard the witnesses, the referee found that petitioner neither gave written notice to the parties required by the rule nor actually notified each of his clients in pending matters of that suspension, but instead took "active though ineffective steps to evade the requirement of giving notice by backdating his substitutions of attorneys . . . ." That finding is entitled to "great weight" (*In re Petty* (1981) 29 Cal.3d 356, 360 [173 Cal.Rptr. 461, 627 P.2d 191]) and petitioner offers us no persuasive basis upon which to reject it now.

■ Petitioner's alternative claim that he was not required to notify anyone of his suspension because he no longer had clients on the effective date of his suspension approaches the frivolous. Initially, it should be noted that even if we accepted petitioner's interpretation of the notice requirements of rule 955 as pertaining only to clients existing on the *effective date* of suspension, the execution of the substitution of counsel forms on January 6, 1978, would not accomplish his goal of terminating his relationship with those clients before the effective date of January 5, 1978. Indeed, substitution of counsel is only effective upon the *filing* of the consent of both client and attorney to such substitution with the court and *written notice* thereof to the adverse party. (See Code Civ. Proc., §§ 284, 285.) The evidence before the referee suggested that only seven substitutions actually were filed, and that several of these were filed long after the effective date of January 5, 1978. Further, as noted earlier, several of the clients' signatures to substitution of counsel were in fact affixed upon the respective forms at some time *after* the January 6, 1978, date falsely represented thereon. Whatever effect these belated client consents might have, they clearly could not retroactively sever the attorney-client relationships with petitioner and thus constitute compliance with the rule as petitioner interprets it.

Moreover, petitioner's reading of rule 955 is unsupportable. That rule requires that a disciplined attorney "notify all clients *being represented in pending matters* . . . of his . . . suspension . . . and his consequent disqualification to act as an attorney after the effective date of his . . . suspension . . . and . . . also notify the clients to seek legal advice elsewhere, calling attention to any urgency in seeking the substitution of another attorney . . . in his place . . . ." (Rule 955, subd. (a), italics added.) These provisions clearly contemplate *advance* notice to *existing* clients of the attorney's prospective inability to represent their interests. The rule's purpose in providing for adequate protection of clients would be totally defeated if, as petitioner now contends, only those clients still remaining on the effective date of suspension need receive notice *at that late date* that their attorney can act no further in their behalf. Petitioner offers neither precedent nor persuasive argument to support his interpretation of rule 955 and we find that interpretation inconsistent with the purposes of the rule and inherently unreasonable. Rather, we conclude that the operative date for identification of "clients being represented in pending matters" and of others to be notified under rule 955 is the filing date of our order for compliance therewith and not any later "effective date."

■ Petitioner's final claim is that the discipline recommended here is excessive. We have noted that the referee recommended public reproval on the ground that "there is no showing of harm to any of the thirteen clients involved, that all but three were small wind-up matters and that this infraction [arose] out of previous discipline of a one year suspension, which discipline has been fully accomplished." Yet the review department recommended the greater discipline of six months' suspension, and it is that department's recommendation of discipline which is entitled to our greater consideration in discharging our ultimate duty of imposing appropriate discipline. (See *Garlow* v. *State Bar* (1982) 30 Cal.3d 912, 916 [180 Cal.Rptr. 831, 640 P.2d 1106].)

Petitioner has not met his burden of showing that the recommendation of the State Bar should not be followed. (See *Garlow, supra*, 30 Cal.3d at p. 916; *Crane* v. *State Bar* (1981) 30 Cal.3d 117, 123-124 [177 Cal.Rptr. 670, 635 P.2d 163].) "A suspended attorney's wilful failure to comply with the provisions of [rule 955] constitutes a cause for his disbarment or suspension . . . ." (Rule 955, subd. (e).) Petitioner offers no persuasive circumstances which would mitigate his admitted failure to comply with the clear-cut requirements of the rule. Indeed, his proposed convolution of those provisions to permit evasion of the notice requirement entirely by substitution of counsel without explanation to clients might well suggest a lack of candor which would militate against leniency. In comparison to the six months' suspension order in *Durbin, supra*, 23 Cal.3d 461, in which there *was* compliance with the notice requirements of this rule and only a failure to file the appropriate affidavits of compliance, it can be argued that an equal period of suspension here is lenient. Affording due deference to the findings and conclusions of the State Bar, however, we agree that its recommendation of discipline is reasonably supportable.

Accordingly, it is ordered: (1) that Forden Athearn be suspended from the practice of law in this state for a period of six months and until he complies fully with rule 955 of the California Rules of Court, as hereinafter prescribed; and (2) that he comply with subdivision (a) of rule 955 within 30 days of the effective date of this order and with subdivision (c) of that rule within 40 days of such effective date. This order is effective October 31, 1982.

Petitioner's application for a rehearing was denied September 30, 1982.