[L.A. No. 31544. Dec. 20, 1982.]

In re RICHARD TREEN MUDGE on Suspension.

COUNSEL

Rutan & Tucker and Garvin F. Shallenberger for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Scott J. Drexel for Respondent.

OPINION

**THE COURT.**\*—This is a proceeding to review the recommendation of the State Bar Court that petitioner Richard Mudge be suspended from the practice of law for five years, that the order of suspension be stayed and he be placed on probation for five years on specified conditions including two years' actual suspension commencing April 18, 1981, the effective date petitioner was placed on interim suspension.

---

\*Before Bird, C. J., Mosk, J., Richardson, J., Kaus, J., Broussard, J., Reynoso, J., and Lillie, J.†

---

†Assigned by the Chairperson of the Judicial Council.

Petitioner, who was admitted to practice in 1959, pleaded guilty to one count of grand theft (Pen. Code, § 487, subd. 1). In March 1981, he was placed on probation on conditions which included, among others, 365 days in the county jail. On March 18, 1981, we placed him on interim suspension as a consequence of the conviction. (See Bus. & Prof. Code, § 6102, subd. (a).) After the judgment was final we referred the matter to the State Bar for a hearing and recommendation as to discipline.

The State Bar consolidated the conviction referral with a pending original disciplinary proceeding based on the same facts and circumstances that were involved in the criminal conviction.

The hearing panel recommended that petitioner be suspended from practice for three years, that execution of the order be stayed, and that he be placed on probation on specified conditions including two years of actual suspension commencing on April 18, 1981. The review department, by a nine-to-four vote, increased the recommended discipline to five years of probation on specified conditions including the same two-year period of actual suspension recommended by the hearing panel.[1] The dissenters thought the recommended discipline was insufficient; two would have recommended three years' actual suspension, and two would have recommended disbarment.

Petitioner did not seek review of the State Bar's recommendation until he was notified that we were considering the imposition of more substantial discipline than that recommended by the State Bar. After full review of the record, we conclude that the recommended period of actual suspension, two years, should be increased to three years.

Petitioner was attorney and executor for the estate of Hannah Childs. Between October 1974 and May 1977 petitioner misappropriated a total of $132,200 from the estate through a series of separate withdrawals. He concealed the misappropriation in part by misrepresenting to the probate court that he had acquired Treasury bills with the funds in question. Petitioner also delayed closing the Childs estate for about two years for the purpose of concealing the misappropriation.

---

[1] The other conditions are that Mudge comply with the State Bar Act and Rules of Professional Conduct; that he file quarterly reports with the State Bar certifying his compliance with the aforementioned act and rules; that if he possesses clients' funds, he file with each report a certificate from a public accountant certifying to specified matters relating to his handling of funds; that he obtain help from a psychiatrist or clinical psychologist and furnish evidence that he is doing so with each report unless the psychiatrist or psychologist determines he no longer needs such help and he furnishes a sworn statement from the psychiatrist or psychologist so stating; and that except to the extent prohibited by specified privileges he answer inquiries relating to his compliance with the terms of probation.

The review department also recommends that petitioner be required to pass the Professional Responsibility Examination before the end of his actual suspension and to comply with the provisions of rule 955, California Rules of Court.

When the misappropriation from the Childs estate was in danger of being discovered through court-ordered accountings in 1977, petitioner misappropriated money from the estate of Short to make restitution to the Childs estate. Petitioner had been appointed executor of the Short estate in March 1977. Between March 1977 and April 1979 petitioner misappropriated a total of $255,000 from the Short estate through several separate withdrawals. Part of the funds was used to make restitution to the Childs estate and the remainder for other personal purposes.

The misappropriations from the Childs estate were revealed before those from the Short estate. During the State Bar investigation in May 1980 of the misappropriation from the Childs estate, petitioner displayed a lack of candor by failing to reveal the method by which he had repaid the Childs estate and by telling the investigator he had engaged in no other misconduct. Petitioner, however, displayed complete candor during the State Bar formal hearing in March 1981, and was cooperative during that hearing.

At the time the acts of misconduct occurred petitioner was experiencing domestic and financial difficulties as a result of attempts to maintain his family in a way he could not afford. Petitioner's wife insisted on an extravagant lifestyle that placed increasingly heavy financial demands on him.[2] According to petitioner's psychiatrist, he was undergoing "psychological maladjustment." The psychiatrist viewed petitioner's problems as essentially situational and unlikely to recur since he had removed himself from his wife's influence and demands. Petitioner has terminated his marriage and has taken steps to solve his domestic, personal, and financial problems arising therefrom.

Petitioner has no prior record of discipline and has an outstanding reputation as a person and lawyer. He has participated in a number of community service activities. Petitioner made full restitution to both estates with interest, and there have been no other instances of misappropriation.

Petitioner does not challenge the findings made by the State Bar Court. He focuses, instead, on the discipline recommended and urges its adoption with the exception of an 18-month actual suspension rather than the 2-year period recommended by the State Bar. Petitioner argues that greater discipline than that recommended is unwarranted in light of the mitigating circumstances and the compelling testimony regarding the virtual impossibility of a recurrence of such misconduct.

Petitioner cites the extensive evidence presented in mitigation of his admittedly serious misconduct. A number of civic leaders and attorneys testified

[2]Petitioner's wife's behavior was extensively described at the hearing but no direct testimony was heard from her.

about petitioner's outstanding reputation as a lawyer and civic-minded person. These witnesses testified that they still considered petitioner trustworthy and would employ him or recommend him to handle legal matters. The principal beneficiary of the Short estate said she would still let petitioner handle her funds. Petitioner and his psychiatrist testified about the pressures that led to petitioner's misconduct and the steps he has taken to remove himelf from the situation that brought on the pressures. As noted, petitioner has left his wife and terminated the marriage. He acknowledged, however, that he had gone along with her extravagance; he had done so partly because his efforts to put a stop to it had been fruitless and partly because he had become convinced of the value of some of it, such as private schooling for the children.

■ Misappropriation of clients' funds is extremely serious misconduct which warrants disbarment in the absence of mitigating circumstances. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 746-747 [111 Cal.Rptr. 905, 518 P.2d 337]; *Athearn* v. *State Bar* (1977) 20 Cal.3d 232, 237 [142 Cal.Rptr. 171, 571 P.2d 628].) A number of mitigating factors are present in this case. Petitioner has no prior disciplinary record in his 15 years of practice preceding the events in question. He was undergoing severe domestic and financial difficulties at the time, and he has taken steps to correct his situation. (*Bradpiece* v. *State Bar, supra,* 10 Cal.3d at p. 747.) He has made full restitution. Although restitution was not made until petitioner was under threat of discovery, it appears to have been accomplished as promptly as petitioner's resources permitted. (See *Demain* v. *State Bar* (1970) 3 Cal.3d 381, 388 [90 Cal.Rptr. 420, 475 P.2d 652].) Petitioner has acknowledged his misconduct, was ultimately cooperative during the proceedings, and has made sincere efforts to rehabilitate himself. (*Finch* v. *State Bar* (1981) 28 Cal.3d 659, 666 [170 Cal.Rptr. 629, 621 P.2d 253].) He has also suffered the ignominy of criminal conviction and has served eight months in jail. (*Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 889 [126 Cal.Rptr. 793, 544 P.2d 929].)

■ Nevertheless, petitioner's misconduct in misappropriating large sums of clients' money over a lengthy period of time was extremely serious, and he compounded it by filing a false document with the court in an attempt to avoid having the defalcation discovered. Despite the mitigating circumstances previously outlined, we are persuaded that more substantial discipline than that recommended should be imposed, and we therefore increase the period of actual suspension to three years. Although the seriousness of the misconduct would normally call for even greater discipline, we give some deference to the State Bar's recommendation in determining the degree of discipline to be imposed. (see *Doyle* v. *State Bar* (1982) 32 Cal.3d 12, 25 [184 Cal.Rptr. 720, 648 P.2d 942].)

Accordingly, it is ordered that Richard Treen Mudge be suspended from the practice of law for five years, that such suspension be stayed and he be placed on probation for that period on the condition that he be actually suspended from the practice of law for three years commencing April 18, 1981, and that he comply with the additional conditions of probation set forth in the Review Department minutes of September 17, 1981, except that petitioner shall be required to take and pass the Professional Responsibility Examination prior to the expiration of the period of his actual suspension. It is further ordered that Mudge comply with rule 955 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) within 30 and 40 days, respectively, after the effective date of this order. This order is effective 30 days after the filing of this opinion.

**RICHARDSON, J.**—I respectfully dissent, believing that petitioner should be disbarred for several reasons. He was and is an attorney at law who owes a fiduciary obligation to his clients. Moreover, as to both the Childs and Short estates he was appointed and qualified as executor, thereby owing an independent fiduciary obligation to the decedents' estates and to those beneficially interested therein, whether as heirs or creditors. He abused each of these positions of high trust by systematically diverting estate funds to his own personal use and purposes. The amounts of his thefts were unusually large, aggregating $387,200. The misappropriations, commencing in October 1974, continued until April 1979, a period of four and one-half years. He knowingly attempted, and successfully for a time, to conceal his defalcations. He lied to the probate judge by filing a written first account, verified by him under oath, in which he represented that he had acquired United States Treasury bills as investments for the estate. He knew this to be false and thereby actually misled the court. During the initial phases of the State Bar's investigation, petitioner was less than candid.

I am not unmindful of the mitigating force of petitioner's domestic and financial troubles and of his commendable community service. These favorable considerations, however, are far outweighed by the magnitude and duration of his criminal misconduct. I am unable to equate his actions with the most minimal standards of professional ethics. Accordingly, I would disbar him.

Bird, C. J., and Reynoso, J., concurred.