[No. S010571. Nov. 15, 1990.]

J. WILLIAM CONROY, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

J. William Conroy, in pro. per., and William J. Murphy for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., Margaret E. Fourt, Richard J. Zanassi and E. Lisa Vorgias for Respondent.

**OPINION**

**THE COURT.—**

### INTRODUCTION

In this matter we review the unanimous recommendation of the State Bar Review Department (review department) that petitioner J. William Conroy be suspended from the practice of law for one year, that the order of suspension be stayed, and that he be placed on probation for one year on various conditions including an actual suspension of sixty days. The recommendation is based upon a finding that petitioner willfully failed to comply

with a condition of prior discipline. After examining the uncontroverted record, we adopt the review department's recommendation.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was admitted to practice in June 1967 and had no prior record of discipline until 1986. In that year he received a private reproval based upon three unrelated incidents of misconduct.[1] As a condition of the reproval, the review department directed that petitioner take and pass the Professional Responsibility Examination (PRE) within one year of the reproval's effective date, December 30, 1986. The Office of the State Bar Court also notified petitioner of this requirement and indicated the dates on which the examination would be administered within the one-year period.

Without explanation, petitioner failed to take the PRE prior to December 30, 1987. On May 23, 1988, the State Bar filed and served a notice to show cause informing him that as a result of his noncompliance, it was initiating further disciplinary proceedings for "acts in wilful violation of [his] oath and duties as an attorney and in particular, California Business and Professions Code sections 6068(a) and 6103, and of [former] Rule of Professional Conduct 9-101 [now rule 1-110]."[2] When petitioner failed to answer within the specified time, the State Bar filed and served a notice of application to enter default, giving him an additional 20 days to answer.

The notice of entry of default was filed and served August 8, 1988, with hearing on the default set for September 27, 1988, at 9:30 a.m. Consistent

---

[1] The specific nature of the misconduct is of no particular import to the issue before us: In one instance, petitioner failed to communicate with his clients or opposing counsel and later failed to relinquish the clients' file to their new attorney. In another instance in which he was acting as executor, he failed to file a timely inventory of estate property or an accounting prior to the disposition of funds. In a third matter, his abandonment of a client resulted in the issuance of an arrest warrant; he thereafter failed to assist in having the warrant withdrawn. Following the disciplinary hearing and decision by the review department, petitioner did not challenge the imposition of private reproval; he raises no issue in the current proceedings as to the propriety of the attendant conditions.

[2] Business and Professions Code section 6068, subdivision (a), states: "It is the duty of an attorney to do all of the following: [¶] (a) To support the Constitution and laws of the United States and of this state."

Business and Professions Code section 6103 provides: "A wilful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or his duties as such attorney, constitute causes for disbarment or suspension."

At the time of petitioner's misconduct, former rule 9-101, Rules of Professional Conduct, provided: "A member of the State Bar shall comply with conditions attached to public or private reprovals administered by the State Bar pursuant to Business and Professions Code sections 6077 and 6078 and rule 956, California Rules of Court." The rule has since been renumbered as rule 1-110. For convenience throughout the rest of the opinion, we will advert to "rule 9-101" without further reference to the subsequent renumbering, which effected no substantive change.

with his previous lack of response, petitioner did not appear at the hearing despite efforts to contact him personally. The matter proceeded before a hearing panel referee. The State Bar submitted documentation of the prior reproval and the probationary condition that petitioner take and pass the PRE by December 31, 1987, as well as evidence he had failed to do so.[3]

The referee made findings in conformance with the record and concluded: "The State Bar has established by clear and convincing evidence that [petitioner's] failure to act in connection with the conditions of his private reproval amounted to: [¶] A wilfull [*sic*] violation of the Business and Professions Code Sections 6068(a) and 6103 and of Rules of Professional Conduct 9-101." The referee recommended petitioner be suspended from practice for one year, execution of the suspension be stayed, and petitioner be placed on one year's probation on conditions including a sixty-day actual suspension. On April 18, 1989, the review department unanimously adopted the decision of the hearing panel.

## DISCUSSION

■ We briefly summarize the general principles informing our review in these matters: "While we give great weight both to the department's disciplinary recommendation [citation] and the hearing panel's factual findings [citation], we exercise our independent judgment in determining the appropriate discipline to be imposed [citations]. Petitioner, however, bears the burden of showing the department's recommendation is erroneous or unlawful [citations], or that its findings are not supported by the record [citation]." (*Weber* v. *State Bar* (1988) 47 Cal.3d 492, 501 [253 Cal.Rptr. 573, 764 P.2d 701].)

Although not articulated as such, petitioner essentially raises two objections to the review department's decision: (1) the finding he "willfully" failed to take and pass the PRE within the allotted time is unsupported by the evidence; and (2) given his subsequent satisfaction of the PRE requirement,[4] the discipline imposed is excessive. Neither argument is persuasive under the facts and controlling authority.

■ Petitioner's first contention may be summarily dispensed with as it finds no support in either the record or the law. The review department's

---

[3] In his writ petition, petitioner makes reference to a stipulation prepared and sent to him by counsel for the State Bar some time around July 5, 1988. Apparently, he never signed it, nor was it offered at the hearing on the default. Since it is thus not part of the record, we have disregarded it as immaterial.

[4] During the default hearing, counsel for the State Bar informed the referee that petitioner had successfully completed the PRE in March 1988. Petitioner has provided this court with documentation of that fact attached as an exhibit to his petition for writ of review.

original decision specifically advised that "pursuant to the provisions of rule 9-101, Rules of Professional Conduct . . . failure to [take and pass the PRE within one year of the effective date of the reproval] may constitute cause for an independent disciplinary proceeding under said rule 9-101." (See Cal. Rules of Court, rule 956.) Petitioner acknowledges timely receipt of this notification.

Rule 9-101 requires compliance with the conditions of a public or private reproval. (See fn. 2, *ante*.) Business and Professions Code section 6077 in part provides that "[f]or a wilful breach of any of [the rules of professional conduct], the board [of governors of the State Bar] has power to discipline members of the State Bar by reproval, public or private, or to recommend to the Supreme Court the suspension from practice . . . ."

"To establish a wilful breach, it must be demonstrated that the person charged acted or omitted to act purposely, that is, that he knew what he was doing or not doing and that he intended either to commit the act or to abstain from committing it. [Citations.]" (*Zitny* v. *State Bar* (1966) 64 Cal.2d 787, 792 [51 Cal.Rptr. 825, 415 P.2d 521].) Moreover, in *Durbin* v. *State Bar* (1979) 23 Cal.3d 461, 467 [152 Cal.Rptr. 749, 590 P.2d 876], "we rejected a contention that bad faith was a necessary element of 'willfulness' . . . ." (*Hamilton* v. *State Bar* (1979) 23 Cal.3d 868, 873 [153 Cal.Rptr. 602, 591 P.2d 1254].) "Willfulness of an act is thus not necessarily dependent upon knowledge of the provision which is violated." (*Id.*, at p. 874; *Zitny* v. *State Bar, supra*, 64 Cal.2d at p. 793.)

In the present case, petitioner made no showing of an inability to comply with the probationary condition within the designated time frame. The fact he successfully completed the examination at the first opportunity thereafter, or as he avers "complied in spirit," neither operates retroactively nor exonerates his misconduct. Petitioner also argues his "[f]ailure to take such examination within the period was due to error, inadvertence, mistake, and oversight and was in no way deliberate or wilful." However, he did not make this claim before the hearing panel or substantiate it with any proof. As "this court generally hesitates to rely upon *any* documentary evidence that is extrinsic to the record of the proceedings before the State Bar [citations]" (*In re Rivas* (1989) 49 Cal.3d 794, 801 [263 Cal.Rptr. 654, 781 P.2d 946]), we are even less inclined to consider unsupported, conclusory, and self-serving assertions of legal excuse for disregarding a clear obligation. Accordingly, we conclude, "There is no doubt petitioner's noncompliance was willful under established standards." (*Hamilton* v. *State Bar, supra*, 23 Cal.3d at p. 874.)

■ We address then the question of the appropriate sanction for this noncompliance. ■ " ' "Determination of discipline turns upon several

considerations, including the protection of the public, the promotion of confidence in the legal profession, and the maintenance of professional standards." ' [Citations.] In determining the degree of discipline required to accomplish these purposes, we consider mitigating and aggravating circumstances." (*Segal* v. *State Bar* (1988) 44 Cal.3d 1077, 1089 [245 Cal.Rptr. 404, 751 P.2d 463].)

The review department adopted the referee's recommended discipline of sixty days' actual suspension as a probationary condition of a stayed one-year suspension. Standard 2.9, Standards for Attorney Sanctions for Professional Misconduct (Rules Proc. of State Bar, div. V), provides: "Culpability of a member of a wilful violation of rule 9-101, Rules of Professional Conduct shall result in suspension." ■ "The Standards for Attorney Sanctions are instructive, but they are simply guidelines for the State Bar and we are not compelled to follow them. [Citations.] . . . Nonetheless, 'we will not reject a recommendation arising from application of the Standards unless we have grave doubts as to the propriety of the recommended discipline.' [Citation.]" (*In re Young* (1989) 49 Cal.3d 257, 268 [261 Cal.Rptr. 59, 776 P.2d 1021].) Petitioner's arguments fail to raise any such doubts in this case.

■ Due to petitioner's lack of participation in the proceedings, the record is devoid of evidence affirmatively establishing circumstances in mitigation. Nevertheless, exercising our independent review authority, we recognize that petitioner did satisfactorily fulfill the PRE requirement at the next available opportunity after failing to do so within the prescribed time. However, on the record before us, we find this single extenuating factor substantially outweighed by numerous aggravating circumstances.

First, petitioner's record is not unblemished. Indeed, the mandate to take and pass the PRE arose from a prior disciplinary proceeding. "If a member is found culpable of professional misconduct in any proceeding in which discipline may be imposed and the member has a record of one prior imposition of discipline . . . , the degree of discipline imposed in the current proceeding shall be greater than that imposed in the prior proceeding . . . ." (Rules Proc. of State Bar, div. V, Stds. for Atty. Sanctions for Prof. Misconduct, std. 1.7(a).)

Second, we are extremely troubled by petitioner's failure "to appreciate the seriousness of the charges in the instant proceeding or to comprehend the importance of participating in the disciplinary proceedings." (*Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 451 [113 Cal.Rptr. 602, 521 P.2d 858].) Despite numerous efforts by State Bar personnel to notify him of impending events and the consequences of nonappearance, petitioner remained unresponsive, totally ignoring his obligation to attend the hearing and explain

his actions. (See *id.*, at p. 447; see also *Van Sloten* v. *State Bar* (1989) 48 Cal.3d 921, 933 [258 Cal.Rptr. 235, 771 P.2d 1323].) "It is well settled that an attorney's contemptuous attitude toward the disciplinary proceedings is relevant to the determination of an appropriate sanction. [Citations.]" (*Weber* v. *State Bar, supra*, 47 Cal.3d at p. 507.)

Finally, by implying before this court that his misconduct constituted a mere technical lapse, petitioner evinces a lack of understanding of the gravity of his earlier misdeeds and the import of the State Bar's regulatory functions. ■ "Absence of remorse is properly considered as an aggravating factor in deciding the appropriate discipline for an attorney. [Citations.] The same is true of an attorney's failure to acknowledge the wrongfulness of his acts. [Citations.]" (*Weber* v. *State Bar, supra*, 47 Cal.3d at p. 506; *Maltaman* v. *State Bar* (1987) 43 Cal.3d 924, 958 [239 Cal.Rptr. 687, 741 P.2d 185].)

■ In light of these substantial aggravating circumstances and the absence of any significant mitigation, we find the recommended discipline appropriate.

## DISPOSITION

Accordingly, we order that petitioner be suspended from the practice of law for one year; that execution of the suspension order be stayed; and that petitioner be placed on probation for one year upon all the conditions of probation adopted by the review department at its April 18, 1989, meeting, including the condition that during the first sixty days of the probationary period he shall be actually suspended from the practice of law in the State of California. It is further ordered that petitioner comply with the provisions of paragraphs (a) and (c) of rule 955 of the California Rules of Court within 30 and 45 days, respectively, of the date on which this decision becomes final.

This order is effective upon the finality of this decision in this court. (See Cal. Rules of Court, rule 24(a).)